Williams, J.
 

 The relatrix maintains that the respondents have no jurisdiction to hear the matter of terminating the contract for the following reasons: (1) The-relatrix was not a “teacher” within the meaning of that term as used in Section 7690-6, General Code; (2) respondents have no jurisdiction to determine charges against relatrix because they refer to a period prior to the effective date of the continuing con
 
 *263
 
 tract; (3) respondents are estopped from inquiring into relatrix’s conduct prior to September 1, 1941; and (4) the adjudication in the mandamus case directing respondents to enter into the continuing contract with the relatrix is
 
 res judicata.
 
 .
 

 Respondents maintain that the situation is otherwise. They assert that manifestly she was a teacher and that they are not trying to terminate the contract for any conduct or disqualifications of relatrix that took place or existed prior to the effective date of the continuing contract and that the principles of estoppel and
 
 res judicata
 
 have no application.
 

 The first contention of relatrix concerns her relationship to the public schools and the board of education which had employed her. To hold that she is not a teacher would be to deny to her every right that would flow from a teachership. We may therefore dismiss this line of argument without more ado.
 

 The remaining questions are to some extent interrelated and require careful consideration of the provisions of the statutes that are applicable. Section 7690-6, General Code, provides
 
 inter alia
 
 that a contract made with a teacher may not be terminated except for gross inefficiency or immorality; for wilful and persistent violations of reasonable regulations of the board of education; or for other good and just cause. Under that section written notice of the proposed action must be given by the clerk of the board to the teacher and the teacher may demand in writing an opportunity to be heard.
 

 The section also contains the following germane provision: ‘ ‘ Any teacher affected by an order of termination of contract shall have the right of appeal to the Court of Common Pleas of the county in which the school is located within thirty days after receipt of notice of the entry of such order. Such appeal shall
 
 *264
 
 be an original action in said Common Pleas Court and shall be commenced by the filing of a petition against such board of education, in which petition the facts shall be alleged .upon which the teacher relies for a reversal or modification of such order of termination of contract.” It is further provided therein that upon final hearing the court may grant or deny the relief prayed for and such an action shall be deemed a special proceeding within the meaning of Section-12223-2, General Code, with the right of appeal on behalf of either the teacher or the board of education.
 

 The purpose of the Teachers’. Tenure Act, as shown by its purpose clause, is not to secure absolute permanence of tenure to reemployed teachers eligible for continuing service status but to afford to them continuity of service and at the same time provide an orderly procedure for the termination or suspension of such contract. In keeping with this purpose a board of education, -under and by virtue of Section 7690-6, General Code, has full authority to terminate a contract of that character in every instance in which a statutory ground therefor is shown to exist subsequent to the effective date of the contract.
 

 The contention of relatris that the charges contained in the written notice served upon her and quoted above relate to a period previous to the date the continuing contract became operative is not well founded. The notice recites merely that gross inefficiency and other good and just causes, including inability to maintain discipline and lack of ability to plan work, together with a highly emotional state, all of which are alleged grounds for the termination of the contract, were also the reasons for the failure of the superintendent to reappoint her in June 1941. Clearfy the written notice specifies disqualifications covering a period during the existence of the contract.
 

 
 *265
 
 Gross inefficiency (as specified in the notice sent to the relatrix by the board), if existent after the date the contract took effect, would warrant such termination, even though the employed teacher never taught under that particular contract. It may be urged that, in proof of such charge, evidence of inefficiency extending back a reasonable time into the period covered by the previous contract would be admissible as an aid in establishing that ground. On that question it is not necessary to pass at this time. Nevertheless a contract cannot be terminated upon any ground based upon what happened prior to the effective date of such contract or upon a disqualification that has not existed since that date.
 

 With respect to estoppel, relatrix advances the theory that under Section 7701, General Code (97 Ohio Laws, 360), which authorized a board of education to dismiss a teacher for inefficiency or neglect of duty, among other things, the respondents could have dismissed the relatrix during the school year ending in June 1941, because her inefficiency then existed according to the notice served on her; therefore the failure to dismiss her for inefficiency while her prior contract was in force prevents a charge of gross inefficiency afterwards. In other words relatrix relies on what is sometimes referred to as estoppel by conduct. In our judgment the respondents are not estopped because grounds of dismissal existed during the period of the prior contract. When the continuing contract was entered into, the provision in Section 7690-6, General Code, as to grounds for termination or suspension of a contract, was read into and became a part of the contract as made.
 
 Palmer
 
 v.
 
 Tingle,
 
 55 Ohio St., 423, 45 N. E., 313. To hold otherwise would nullify the statute and defeat one of its purposes. So the very agreement of relatrix of itself would prevent the operation of estoppel.
 

 
 *266
 
 The judgment in mandamus, likewise, could not on the theory of former adjudication or
 
 res judicata
 
 bar the right of the respondents to terminate reiatrix’s. present contract on statutory grounds. In
 
 State, ex rel. Brown,
 
 v.
 
 Board of Education of City of Elyria,
 
 139 Ohio St., 427, 40 N. E. (2d), 913, the rule applicable here is stated thus:
 

 “Under the first proviso of Section 7690-2, General Code, * * * a teacher in the public schools holding-a professional, permanent or life certificate, who was-completing five or more consecutive years of employment * * * • at the time of the passage of the act,, was entitled to the tender of a continuing contract of employment by such board on September 1, 3941, or within a reasonable time thereafter.”
 

 All that was necessary for the court to find in adjudging the right to a writ of mandamus was that the-teacher had a continuing contract status within the meaning of this rule. There is nothing in the applicable statutes which requires any other test to be-applied and it may be assumed that the legislative intent was to require the continuing contract to be entered into subject to the power of the board of education to terminate or suspend it. There is no difficulty in this respect except as to a continuous disqualification like gross inefficiency; but even though gross inefficiency could have been properly pleaded as a defense in the mandamus proceeding, the judgment therein in favor of the relatrix could not of itself bar the board of education from presenting charges of gross inefficiency covering a period subsequent to the date as of which the continuing contract, entered into pursuant to the writ of mandamus, became effective. There is always the chance that inefficiency may increase or even arise afterwards and this court may not now anticipate what may be shown at the hearing on the charges before the board. Therefore the board
 
 *267
 
 should nót be prohibited from taking further action on the ground that the matter of 'the charges is
 
 res judicata.
 

 '
 
 The respondents have jurisdiction to proceed to determine the charges, and the statute affords to the teacher, if aggrieved, a remedy that is full, adequate- and complete. In view of the power and authority of the board of education to proceed with the hearing and the amplitude of the remedy of the relatrix, prohibition will not lie.
 

 For the reasons given the writ of prohibition is-denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell. • and Turner, JJ., concur.