By the Court.
 

 This case is here following allowance of the motion of the appellants and the cross-motion
 
 *14
 
 of the appellee to require the Court of Appeals to certify its record. The controversy represents a contest between a public school teacher of the city of Youngstown and the board of education of that city.
 

 At a regular meeting on November 15, 1943, the board of education found probable cause to consider the termination of the teacher’s continuing contract,, on the grounds of inefficiency and unwillingness to accept the suggestions of supervisory authorities. Under the provisions of Section 4842-12, G-eneral Code;
 
 &
 
 written notice advising her of the action taken, dated November 6,1943, was sent to the teacher by the clerk-treasurer of the board. One paragraph of such notice reads:
 

 ‘ ‘ The board of education has instructed me to advise you that the grounds for consideration of your dismissal are gross inefficiency and other good and just causes which characterized your work in the years immediately preceding the time when you were not reappointed in June, 1941, and which inefficiency and other causes the board of education believes to be still existent. ’ ’
 

 This was followed by four specifications setting forth the respects in which the teacher’s services were not satisfactory.
 

 It appears the teacher had not been assigned to a teaching position in the public schools of Youngstown and had done no teaching in that city subsequent to June, 1941.
 

 After the teacher unsuccessfully challenged the jurisdiction of the board to hear and determine the charges against her and had failed to have such charges made definite and certain, she demanded in writing a public hearing which was granted. At such hearing three supervisors and one principal under whom the teacher had functioned prior to June 1941 testified in substance that she was lacking in ability to
 
 *15
 
 plan and execute her work; that she failed and refused to accept proffered suggestions; that her teaching performance was listless; and that on the whole she was a poor teacher.
 

 The supervisors and principal were asked whether in their judgment the inefficiency of the teacher was a fixed personal habit. All but one of them answered in the affirmative.
 

 In addition to herself, the teacher offered two witnesses. Although their testimony was generally favorable to the teacher, they admitted they had not observed her in the classroom and therefore could express no opinion as to her efficiency or lack thereof.
 

 Upon the hearing, the board found that the charges against the teacher had been substantiated and made an order terminating her contract. Thereupon the teacher appealed to the Court of Common Pleas pursuant to Section 4842-12, General Code. That part of such statute, relating to appeals and the procedure thereon, provides:
 

 “Any teacher affected by an order of termination of contract shall have the right of appeal to the Court of Common Pleas of the county in which the school is located within thirty days after receipt of notice of the entry of such order. Such appeal shall be an original action in said Common Pleas Court and shall be commenced by the filing of a petition against such board of education, in which petition the facts shall be alleged upon which the teacher relies for a reversal or modification of such order of termination of contract. Upon service or waiver of summons iu said appeal, such board of education shall forthwith transmit to the clerk of said Common Pleas Court for filing a transcript of the original papers theretofore filed with said board and a certified transcript of all evidence adduced at the hearing or hearings before such board, whereupon the cause shall be at issue without further plead
 
 *16
 
 ing and shall- be advanced and heard without delay. The Common Pleas Court shall examine the transcript and record of the hearing before the board of education and shall hold such additional hearings as it may deem advisable, at which it may consider other evidence in addition to such transcript and record.
 

 “Upon final hearing, the Common Pleas Court shall grant or deny the relief prayed for in the petition as may be proper under the provisions of law in accordance with the evidence adduced in the hearing. Such an action shall be deemed to be a special proceeding within the purview of Section 12223-2 of the General Code and either the teacher or the board of education may appeal therefrom.”
 

 At the hearing in the Court of Common Pleas the teacher was permitted to introduce additional testimony covering her activities as a teacher in a public school in another locality during two months after the hearing before the board.
 

 The court took the case under advisement and, in compliance with the request of the board, made its findings of fact and conclusions of law. The judgment entry of the Court of Common Pleas concludes with these words:
 

 “Wherefore, it is the finding and decree of this court and the court orders, adjudges and decrees that the entry of dismissal made by the board, as shown by * exhibit number 10’ in the record, and the final finding of the board, was wrongful, unlawful and a patent abuse of discretion, and therefore the teacher, Kathryn Eoller, plaintiff in this court, is hereby granted the relief prayed for in her petition, and that the plaintiff, Kathryn Eoller, is restored to her position as a teacher in the public schools of the city of Youngstown, state of Ohio, as of September 2, 1941; that the defendant in this court, the board of education of the city of Youngstown, state of Ohio, is hereby ordered and directed to
 
 *17
 
 rescind and vacate its decision terminating the plaintiff’s continuing contract as a teacher in the public schools of the city of Youngstown, state of Ohio, and the defendant herein is hereby ordered and directed to permit the plaintiff to teach in the public schools of the city of Youngstown, state of Ohio.”
 

 Following the overruling of its motion for a new trial, the board perfected its appeal to the Court of Appeals on questions of law. That court, after hearing and consideration of the cause, entered the following judgment:
 

 “The court, being fully advised in the premises, orders and decrees that the finding, judgment and decree of the Court of Common Pleas should be and is hereby ordered modified: in that, all findings, judgments and decrees of the Court of Common Pleas, — to the effect that the board of education in the hearing and determination of the charges as against plaintiff-appellee were guilty of an abuse of discretion, were prompted by prejudice, emotion, or caprice, and prevented plaintiff-appellee from having a fair and just trial, — are not supported by the .evidence herein and are held for naught.
 

 “The court further finds that the appeal to the Court of Common Pleas, as provided for in Section 4842-12, General Code, clothes the Court of Common Pleas with authority and jurisdiction, limited to a reversal, modification, or affirmance of the findings and judgment of the board of education; and that the judgment, order and decree of the Court of Common Pleas as rendered herein should be further modified; in that, so much of the judgment, order and decree of the Common Pleas Court, — as orders defendants-appellants, the board of education, to reinstate the plaintiff-appellee as a teacher in the public schools in the city of Youngstown, — be and is hereby held for naught.
 

 ‘ ‘ Coming to consider the evidence, including the ad
 
 *18
 
 ditional evidence as received in the hearing before the Conrt of Common Pleas, the conrt further finds, adjudges and decrees that the judgment of the Common Pleas Court, based upon the entire record and evidence, which said judgment reversed the order of dismissal entered by the board of education, is hereby affirmed.
 

 “The within cause be and is hereby remanded to the board of education for further proceeding according to law and in accordance with this order. ’ ’
 

 The case is now presented to this court on the appeal of the board of education and on a cross-appeal by the teacher in which she complains of the action of the Court of Appeals in denying her reinstatement as a teacher.
 

 An important issue in this case involves the question of the nature and extent of the review in the Court of Common Pleas on an appeal, under Section 4842-12, General Code, from an order of the board of education terminating a teacher’s continuing contract.
 

 Of the six judges participating in the decision of this ease, Judges Zimmerman, Turner and Hart are of the opinion that such review by the Court of Common Pleas is limited to a determination by that court of whether the grounds for the termination of the contract'were fairly and lawfully found by the board of education to have existed, while Chief Justice Weygandt and Judges Bell and Williams hold to the opinion that such review is in the nature of a proceeding
 
 de novo
 
 wherein the court exercises original administrative jurisdiction and makes an independent determination as to whether sufficient grounds foi the termination of the contract actually existed.
 

 A majority of the court (Weygandt, C. J., Zimmerman, Bell and Williams, JJ., concurring; Turner and Hart, JJ., dissenting) agree that the Court of Appeals correctly affirmed that part of the judgment of the Court of Common Pleas wherein the action of the
 
 *19
 
 board in dismissing tbe teacher was pronounced wrongful.
 

 Here the teacher was never afforded an opportunity to teach under her continuing contract. Her dismissal by the board was predicated upon her performance as a teacher prior to the time she was granted a continuing contract. Under the view taken in the case of
 
 State, ex rel. Weekley,
 
 v.
 
 Young et al., Bd. of Edn.,
 
 141 Ohio St., 260, 265, 47 N. E. (2d), 776, 779, that, “a contract cannot be terminated upon any ground based upon what happened prior to the effective date of such contract,” the board improperly terminated the contract.
 

 The Court of Appeals reversed that part of the judgment of the Court of Common Pleas ordering reinstatement of the téacher. This was erroneous. The action of the board in terminating the teacher’s contract having been properly reversed, it follows that she was entitled to reinstatement.
 

 It follows that the judgment of the Court of Appeals is modified in the particular indicated and, as so modified, is affirmed.
 

 Juelgment modified, and affirmed as modified.
 

 Matthias, J., not participating.