SYLVANIA EDUCATION ASSOCIATION
ET AL.; JAWORSKI, APPELLEE, *v.*
SYLVANIA CITY SCHOOLS, APPELLANT.

(No. L-87-101—Decided
January 15, 1988.)

*Gerry Daley,* for appellee.
*Alan Varhus,* for appellant.

*Per Curiam.* This case concerns the attempted termination of the employment contract of Judith Jaworski, an elementary school music teacher, by the Sylvania City Schools and arises from the following facts.

Appellee, Judith Jaworski, was employed by appellant, Sylvania City Schools (hereinafter "school district"), on a limited one-year contract for the 1985-1986 school year. In May 1986, appellant notified appellee of its intent not to renew her contract for the 1986-1987 school term. Thereupon, appellee filed a grievance with the Sylvania Education Association alleging that the school district erred when it "non-renewed the grievant without following the contractually required procedure."

The matter was then scheduled to be heard by an arbitrator. Prior to the arbitration hearing, the school district administratively granted the grievance and awarded Jaworski a contract for the 1986-1987 school year. This action was made part of the arbiter's award which specifically stated that the grievance was granted "not on its merits, but because of procedural defects in its [the school district's] actions."

Appellee, however, never taught under the new contract. The school district suspended Jaworski before commencement of the school term and initiated termination proceedings pursuant to R.C. 3319.16, grounded on allegations of, *inter alia,* gross inefficiency. Thereafter, appellee filed a complaint in the Lucas County Court of Common Pleas asking that the court confirm the arbitration award pursuant to R.C. 2711.09. The petition further requested that the court issue a preliminary and permanent injunction restraining the school district from any further efforts to institute termination proceedings on the contract of employment for 1986-1987.

On March 12, 1987, the court below granted both appellee's motion to confirm and motion for a permanent injunction, barring appellant from seeking any dismissal on the 1986-1987 employment contract unless "new grounds" establishing a claim per R.C. 3319.16 could be asserted.

From this judgment, appellant filed a timely appeal setting forth as its sole assignment of error:

"The common pleas court erred in granting plaintiff-appellants [*sic*] motion for preliminary and permanent injunction for the reason that defendant-appellee [*sic*] was lawfully proceeding to consider the termination of the plaintiff-appellant's [*sic*] employment contract for the 1986-1987 school year under the provisions of Ohio Revised Code Section 3319.16."

Appellant, in essence, contends

that the issuance of a permanent injunction was an inappropriate remedy in this instance. First, appellant argues that the school board, as an arm of the executive branch of government, was lawfully proceeding in accordance with a valid statute and that such acts authorized by a valid statute cannot be enjoined. Second, appellant contends that when the power of removal of public employees is vested in an administrative body, an injunction staying the removal proceedings cannot be issued. Finally, appellant asserts that the permanent injunction in the instant case was granted wrongfully because appellee has an adequate remedy at law if the termination process is allowed to be completed, *i.e.,* appeal or vindication.

We find appellant's only assignment of error well-taken based upon the fact that appellee has an adequate remedy at law even if the school district succeeds in terminating her 1986-1987 contract.

Although appellant does not debate the propriety of its utilization of the same grounds "litigated" as the foundation for termination of appellee's contract, the court below implicitly addressed this issue in its opinion and judgment entry. That issue is also discussed extensively by appellee. In appellee's words:

"The court's determination of this matter must focus on the enforceability and validity of the stipulated arbitrator's award, and on the res judicata effect of that award upon the school district's effort to terminate plaintiff-appellee Judith Jaworski's employment pursuant to R.C. 3319. 16."

Appellee asserts that the "new grounds" language contained in the court's opinion means that only new facts proving alleged gross inefficiency on the part of appellee in the performance of her 1986-1987 contract can be used as a basis for termination of that contract. In other words, appellee contends that a final and binding judgment was entered to settle the dispute between these parties. Therefore, appellant cannot seek to relitigate by means of termination proceedings and employ the same grounds that it used in its attempt to nonrenew Jaworski's 1985-1986 contract of employment. We agree with appellee's interpretation of the trial court's opinion, and research discloses Ohio case law which is highly relevant to this issue.

Three Ohio Supreme Court decisions have dealt with the issue of whether a teacher's past misconduct can be used as a basis for termination even after a court has ordered the award of a new contract under which that teacher has never taught.

Two connected cases are predicated upon the same set of facts. In *State, ex rel. Weekley,* v. *Young* (1943), 141 Ohio St. 260, 25 O.O. 393, 47 N.E. 2d 776, and *Powell* v. *Young* (1947), 148 Ohio St. 342, 35 O.O. 322, 74 N.E. 2d 261, two tenured teachers were denied continuing contracts by the city of Youngstown school district. Both sought and were granted a writ of mandamus compelling the board to tender each a contract pursuant to the Teachers Tenure Act. The school district awarded the contracts but refused to assign teaching placements for the ensuing year for either of the teachers and initiated termination proceedings in accordance with the then-existing statute, G.C. 7690-6, charging both with gross inefficiency.

One of the teachers then brought suit seeking a writ of prohibition to prevent the school district from continuing the termination process. *Weekley, supra.* In *Weekley,* the Ohio Supreme Court reasoned that a continuing contract entered into by operation of law, *i.e.,* mandated by the Teachers Tenure Act, did not bar a termination pro-

ceeding on that contract as long as the charges were based upon the statutory ground of gross inefficiency. This was applicable even when the teacher had never taught under that contract. Thus, the court held that where the charge and grounds for termination are gross inefficiency, evidence of prior conduct amounting to inefficiency may be proven and considered, but not particular acts of misconduct.[1] *Weekley, supra,* at 265, 25 O.O. at 395, 47 N.E. 2d at 778-779. See, also, *Roberson* v. *Bd. of Edn. of Santa Fe* (1969), 80 N.M 672, 459 P. 2d 834 (interpreting and distinguishing Ohio cases). See, generally, Annotation (1965), 4 A.L.R. 3d 1090, 1097.

The *Weekley* court also discussed preclusion of the termination process by estoppel and/or *res judicata.* In dismissing the petitioner's estoppel argument, the Supreme Court stated:

"* * * In other words relatrix relies on what is sometimes referred to as estoppel by conduct. In our judgment the respondents are not estopped because grounds of dismissal existed during the period of the prior contract. When the continuing contract was entered into, the provision in Section 7690-6, General Code, as to grounds for termination or suspension of a contract, was read into and became a part of the contract as made. *Palmer* v. *Tingle,* 55 Ohio St., 423, 45 N.E., 313. To hold otherwise would nullify the statute and defeat one of its purposes. So the very agreement of relatrix of itself would prevent the operation of estoppel." *Weekley, supra,* at 265, 25 O.O. at 395, 47 N.E. 2d at 779.

As to any *res judicata* effect, the court held that, in this instance, the continuing contract had been issued on statutory grounds alone. Therefore, such an adjudication is not *res judicata* as to a charge of gross inefficiency when such conduct existed prior to the award of the contract and possibly existed subsequent to the effective date of the new contract.[2] *Weekley, supra,* at 266-267, 25 O.O. at 395-396, 47 N.E. 2d at 779.

The Ohio Supreme Court further clarified its holding on this issue in *Powell, supra,* wherein the school district had been permitted per *Weekley* to conclude the termination process and had discharged the two teachers who were parties to that first action. *Powell* was an appeal of those dismissals. The *Powell* court concluded that:

"* * * misconduct on the part of a teacher which existed prior to her contract could not of itself be used to terminate her contract, but if it were proven that she was grossly inefficient and that the inefficiency continued after the date of her contract, it would then be ground for her dismissal even though she had not taught a single day after the contract became effective.

"* * * [T]he majority of this court now holds that such evidence is admissible and that, since the board of education in the instant cases has found the evidence proves existing inefficiency and two intervening courts have failed to disturb those findings upon the weight of the evidence, such findings are conclusive upon this court." *Powell, supra,* at 354-355, 35 O.O. at 327, 74 N.E. 2d at 267.[3]

The holding in *Roller* v. *Young*

---

[1], [2], [3] Although the court continuously referred to possible "inefficiencies" which might arise subsequent to the effective date of a teacher's contract as a basis for using prior misconduct, termination of each teacher was predicated solely upon gross inefficiency which occurred before the effective date of the court-awarded contracts. Neither teacher ever taught under these contracts. Therefore, reading the cases as a whole, it must be assumed that the court found permissible the use of prior inefficiency to prove statutory grounds of termination.

(1946), 147 Ohio St. 13, 33 O.O. 184, 67 N.E. 2d 710, is contra to the decisions in *Weekley, supra,* and *Powell, supra.* However, in *Powell,* the Supreme Court specifically limited the rule of *Roller* which stated that "a contract cannot be terminated upon any ground based upon what happened prior to the effective date of such contract." The *Powell* court in construing the aforegoing language reasoned:

"That language can be justified if it was intended to mean that an episode of misconduct prior to the effective date of a tenure contract cannot be the ground for termination of that contract, but such language could not have been intended to have the broad meaning that gross inefficiency cannot be shown to exist subsequent to the contract even though the teacher has not taught under the same." *Id.* at 355, 35 O.O. at 327-328, 74 N.E. 2d at 267.

Furthermore, the court went on to explicitly hold that "evidence of prior acts and characteristics showing gross inefficiency is competent to prove a present existing state thereof." *Id.* at 359-360, 35 O.O. at 329, 74 N.E. 2d at 269.

It appears, therefore, that in this jurisdiction a prior adjudication does not preclude termination proceedings on the statutory ground of gross inefficiency, wherein the school district seeks dismissal and founds its charge against the employer-teacher on inefficiency which existed prior to a contract entered into as a matter of law.

For these reasons, we find that in the case *sub judice,* the court below erred in issuing a permanent injunction unless "new grounds" for termination could be discovered. Those cases previously discussed as well as those listed at the end of this decision[4] support the proposition that the termination process should be permitted and that appellee has an adequate remedy at law. Accordingly, we find appellant's sole assignment of error well-taken.

Whereas, we find that substantial justice has not been done the party complaining, the judgment of the trial court as to the issuance of a permanent injunction is reversed and the cause is remanded to the trial court for execution of judgment. Costs to appellee.

*Judgment reversed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.

---

[4] *Fowler* v. *Young* (1945), 77 Ohio App. 20, 32 O.O. 298, 65 N.E. 2d 399 (same circumstances as *Weekley* and *Powell;* stated that "disqualifications" urged for termination were of a permanent character that had existed prior to new contract and were adjudged still existent); *Cardinal* v. *Dimit* (App. 1945), 46 Ohio Law Abs. 81, 69 N.E. 2d 65 (although a school board is required to enter into a continuing contract with a tenured teacher by operation of law, it has the right to terminate her if it strictly complies with the statute governing termination of continuing contracts and may use the grounds existing prior to the issuance of the contract). See, also, *State, ex rel. Cochrane,* v. *Peterson* (1940), 208 Minn. 361, 294 N.W. 203; *Redcay* v. *State Bd. of Edn.* (1943), 130 N.J. Law 369, 33 A. 2d 120, affirmed (1944), 131 N.J. Law 326, 36 A. 2d 428; *Kiebler's Appeal* (1937), 30 Pa. D & C 620.