ROGERS v STATE BOARD OF COSMETOLOGY

1. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—LICENSE
   REVOCATION HEARINGS—NOTICE—STATUTES.
   Two notices to a licensee are required under the Administrative
   Procedures Act before a state board may hold a license revoca-
   tion hearing; a preliminary notice of facts or conduct that
   constitute alleged violations and an informal opportunity to
   show compliance with the licensing requirements and if there
   is noncompliance, the board shall issue notice of a hearing
   (MCLA 24.201 *et seq.;* MSA 3.560[101] *et seq.).*

2. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—LICENSE
   REVOCATION HEARINGS—COMMENCEMENT OF PROCEEDINGS—NO-
   TICE.
   A license revocation proceeding is commenced under the Admin-
   istrative Procedures Act with the mailing of notice of the
   administrative hearing to the licensee.

3. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—LICENSE
   REVOCATION HEARINGS—EMERGENCY SITUATIONS—NOTICE—
   SUMMARY SUSPENSION OF LICENSE.
   The two-notice requirement for a license revocation proceeding
   under the Administrative Procedures Act does not apply in
   emergency situations; therefore, where an administrative board
   is confronted by an emergency case the board may send an
   order informing the licensee of summary suspension of the
   license and avoid issuing the notice of facts and providing the
   informal opportunity to reply; however, the board must
   promptly commence proceedings by mailing a notice of hearing.

4. ADMINISTRATIVE LAW—LICENSE REVOCATION—COSMETOLOGY—AD-
   MINISTRATIVE PROCEDURES ACT—STATUTES.
   The sparse administrative guidelines for license revocation pro-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law §§ 400, 403.
   51 Am Jur 2d, Licenses and Permits § 60.
[3] 2 Am Jur 2d, Administrative Law §§ 399, 406.
[4] 2 Am Jur 2d, Administrative Law § 201 *et seq.*
   Validity, construction, and effect of statute or ordinance regulating
   beauty shops, or beauty culture schools. 56 ALR2d 879.

vided in an act regulating cosmetology are superseded by the more specific guidelines of the Administrative Procedures Act (MCLA 338.784[2], 24.201 *et seq.;* MSA 18.164[2], 3.560[101] *et seq.).*

Appeal from Wayne, Roland L. Olzark, J. Submitted January 9, 1976, at Detroit. (Docket No. 23064.) Decided May 17, 1976. Leave to appeal denied, 397 Mich —.

Complaint by Mary Rogers, individually and doing business as Rogers Beauty School, against the State Board of Cosmetology seeking an injunction restraining the defendant from revoking the plaintiff's license. Summary judgment granted and the revocation of the license reversed. Defendant appeals. Affirmed.

*Robert E. Toohey,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Max R. Hoffman, Jr.,* Assistant Attorney General, and *Christine A. Derdarian,* for defendants.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

R. E. NOBLE, J. We are asked to determine if defendant State Board of Cosmetology complied with the state Administrative Procedures Act, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.,* in revoking plaintiff's license to operate a school of cosmetology.

Plaintiff, a Detroit cosmetology school, received a document December 29, 1971, from defendant. The notice charged that plaintiff violated certain state statutes and board regulations concerning the operation of schools in cosmetology. The spe-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cifics of the charges need not concern us. The document also informed plaintiff that a hearing on the charges was to be held February 8, 1972. This was the only notice plaintiff ever received. After several delays, the hearing was held before a hearing officer June 9, 1972. The hearing officer's findings of violations were upheld by the board and on June 27, 1972, the board revoked plaintiff's license to operate the school.

Plaintiff then appealed to the Wayne County Circuit Court, seeking an injunction restraining defendant from revoking plaintiff's license. The court, on October 11, 1974, issued a summary judgment, under GCR 1963, 117.3, in favor of plaintiff, declaring that the defendant failed to provide the proper notices required by § 92 of the Administrative Procedures Act, MCLA 24.292; MSA 3.560(192). The judge reversed defendant's revocation of plaintiff's license.

Defendant appeals the grant of summary judgment and argues that the trial judge misconstrued § 92 of the act.

The section provides:

"Before the commencement of proceedings for suspension, revocation, annulment, withdrawal, recall, cancellation or amendment of a license, an agency shall give notice, personally or by mail, to the licensee of facts or conduct which warrant the intended action. The licensee shall be given an opportunity to show compliance with all lawful requirements for retention of the license. If the agency finds that the public health, safety or welfare requires emergency action and incorporates this finding in its order, summary suspension of a license may be ordered effective on the date specified in the order or on service of a certified copy of the order on the licensee, whichever is later, and effective during the proceedings. The proceedings shall be promptly commenced and determined."

We have our choice of two interpretations of this section. One interpretation, that made by the trial judge and urged on us by the beauty school, would require the following scenario:

1) Board issues personal or written notice, stating facts or conduct that constitute alleged violations;

2) Board provides informal opportunity to show compliance with licensing requirements;

3) If there is no compliance,[1] board issues notice of hearing, with this notice "commencing proceedings"; and

4) Board holds hearings.

A second interpretation, that sought and actually followed by the board, eliminates one step from the trial judge's scheme:

1) Board issues first and only notice, containing facts of conduct that constitute alleged violations and stating that a hearing is scheduled for a certain date;

2) Board provides informal opportunity to show compliance with licensing requirements; and

3) If there is no compliance,[2] board holds hearing as scheduled. The first day of the hearings "commences proceedings".

We opt for the first interpretation, that favored by the trial judge. We hold that, under § 92 of the Administrative Procedures Act, two notices to the licensee are required before a revocation hearing may be held. We choose the four-step interpretation after an examination of several other sections of the act.

---

[1] If at the informal stage the licensee offers to correct violations, or offers proof that no violations were committed, the board would presumably not hold the hearing. We do not face the question of the board's obligation to discontinue the proceedings upon an offer of compliance by a licensee.

[2] *See* n. 1, *supra.*

Were it not for § 92 of the act, we believe that the license revocation proceedings would be governed solely by the act's "contested case" procedures found in § 71 of the act. MCLA 24.271; MSA 3.560(171). A revocation would follow "contested case" procedures because a revocation is a "determination of legal rights, duties or privileges of a named party", the definition of a "contested case" found in MCLA 24.203(3); MSA 3.560(103)(3).

The "contested case" procedure section provides:

"(1) The parties in a contested case shall be given an opportunity for a hearing without undue delay.

"(2) The parties shall be given a reasonable notice of the hearing, which notice shall include:

"(a) A statement of the date, hour, place and nature of the hearing. Unless otherwise specified in the notice the hearing shall be held at the principal office of the agency.

"(b) A statement of the legal authority and jurisdiction under which the hearing is to be held.

"(c) A reference to the particular sections of the statutes and rules involved.

"(d) A short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is given, the initial notice may state the issues involved. Thereafter on application the agency or other party shall furnish a more definite and detailed statement on the issues." MCLA 24.271; MSA 3.560(171).

The enactment of § 92 of the act, over and above the otherwise applicable § 71 of the act, suggests that the license revocation process must have more steps than those delineated in § 71. We should not assume that § 92 is merely legislative

duplication.[3] The section must be read as requiring something more than the "contested case" procedures found in § 71. That "something more" is a "notice * * * of facts or conduct which warrant the intended action" and an informal "opportunity to show compliance with all lawful requirements", both to be given before the "commencement of proceedings".

Our holding that a preliminary notice of facts and an informal opportunity to show compliance with all lawful requirements are both required necessarily implies that proceedings are commenced when notice of the administrative hearing is given, for § 92 requires that the personal or mailed notice of facts and opportunity be given "[b]efore the commencement of the proceedings". Were the proceedings to commence when the parties physically assembled for the hearing, then the notice required by § 92 could merge with that required by § 71. Only one notice would have to be sent "[b]efore the commencement of proceedings". As we have concluded, however, two notices are

[3] Although we should not assume duplication within sections of the Administrative Procedures Act, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.,* we must note that the act concerning cosmetology inexplicably contains its own revocation procedures in MCLA 338.784(2); MSA 18.164(2):

"The board shall not refuse to issue or renew any license as required by this act, or revoke or suspend any such license already issued, except upon 5 days' notice in writing to the interested parties, which notice shall contain a brief statement of the reasons for the contemplated action of the board and designate a proper time and place for the hearing of all interested parties before any final action is taken as hereinafter provided."

We believe that these sparse administrative guidelines are superseded by the more specific guidelines of the Administrative Procedures Act. We believe that MCLA 338.784(2); MSA 18.164(2) should be considered a partial outline of the § 71 requirements of the second required notice—the notice that commences proceedings. We do not consider the cosmetology statutory excerpt to suggest, by negative implication, that the more specific requirements of § 92 of the Administrative Procedures Act are not applicable.

required for license revocation under the Administrative Procedures Act; the necessary corollary to this holding must be that proceedings do not commence under the act when the parties physically assemble. For our reading of the interaction of §§ 71 and 92 to be proper, proceedings must commence with the mailing of the notice of the hearing. This is not an unreasonable interpretation of "commencement of proceedings". We note, by analogy, that in the civil forum, the filing of the complaint initiates the proceedings.

"A civil action is commenced by filing a complaint with the court." GCR 1963, 101.

Finally, the four-step interpretation is preferable because we believe that the Legislature intended to delay the revving up of formal bureaucratic machinery. The delay of formal proceedings, and concomitant provision of informal procedures for problem resolution, implement the legislative intent to allow a licensee to improve its operations without the stigma of formal proceedings.

The board finds at least two faults with our reasoning: (1) the interpretation that proceedings are commenced with the filing of a notice—the notice of hearing—could produce the absurd result that an ad infinitum series of prenotice-notices must be sent and (2) the "emergency" language of § 92 clearly implies that only one notice is necessary.

Concerning the board's first contention, we state emphatically that only two notices are required for license revocation under the Administrative Procedures Act. The first, required by § 92, states the facts or conduct which warrant any intended action. This notice may be given personally or by mail. The second, following an informal opportunity to comply, commences the proceedings and

must follow the requirements established by § 71 of the act.

Concerning the board's second contention, we do not believe that the emergency language of § 92 compels either the four-step or three-step interpretations offered by the parties.

As we understand the emergency language of § 92, a board may, in certain cases, send an order informing the licensee of summary suspension of the license, and avoid issuing the notice of facts and providing the informal opportunity to comply. The board must, however, promptly commence proceedings by mailing a § 71 notice. We assume that the board might mail the § 71 notice contemporaneous with the emergency suspension.

Affirmed. No costs, a public question being involved.