RON'S LAST CHANCE, INC v LIQUOR CONTROL COMMISSION

Docket No. 58636. Submitted November 2, 1982, at Detroit.—Decided January 6, 1983.

Plaintiff, Ron's Last Chance, Inc., was charged by defendant, Liquor Control Commission, with two counts of violating a commission rule prohibiting a licensee from allowing on his licensed premises "any accosting and/or soliciting for immoral purposes". A hearing commissioner found plaintiff in violation of the rule. The commission's appeal board adopted the hearing commissioner's findings of fact and conclusions of law revoking plaintiff's liquor license. The Wayne Circuit Court, Roman S. Gribbs, J., affirmed. Plaintiff appealed. *Held:*

1. An administrative law referee's findings are to be upheld by an appellate court if supported by substantial evidence on the whole record since, as the trier of fact, the administrative law referee had the opportunity to hear testimony and view the witnesses. The substantial evidence test requires evidence which a reasoning mind would accept as sufficient to support a conclusion but, while consisting of more than a mere scintilla of evidence, may be somewhat less than a preponderance of the evidence. The findings of the appeal board were supported by substantial evidence.

2. The rule is not unconstitutionally vague. Constitutional challenges on the ground of vagueness to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.

3. The commission's procedures did not violate the commission rules.

4. The statute granting the power to revoke licenses to the Liquor Control Commission is not an unconstitutional delegation of legislative authority. The guiding principles in deter-

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 548, 549, 748.
[2] 1 Am Jur 2d, Administrative Law §§ 30, 31.
[3] 2 Am Jur 2d, Administrative Law § 724 *et seq.*
[4] 1 Am Jur 2d, Administrative Law § 110.
  2 Am Jur 2d, Administrative Law § 191 *et seq.*

mining whether a statute provides sufficient standards for the exercise of discretion of an administrative official are: (1) the provision in question should not be isolated but must be construed with reference to the entire act; (2) the standard should be as reasonably precise as the subject matter requires or permits; and (3) if possible the statute must be construed in such a way as to render it valid, not invalid, as conferring administrative, not legislative power, and as vesting discretionary, not arbitrary, authority.

Affirmed.

BRONSON, P.J., concurred in result only.

1. ADMINISTRATIVE LAW — APPEAL.

An administrative law referee's findings are to be upheld by an appellate court if supported by substantial evidence on the whole record since, as the trier of fact, the administrative law referee had the opportunity to hear testimony and view the witnesses; the substantial evidence test requires evidence which a reasoning mind would accept as sufficient to support a conclusion but, while consisting of more than a mere scintilla of evidence, may be somewhat less than a preponderance of the evidence.

2. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

Constitutional challenges on the ground of vagueness to statutes or administrative rules which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.

3. APPEAL — PRESERVING QUESTION.

An issue not raised prior to appeal is considered waived.

4. ADMINISTRATIVE LAW — DELEGATION OF POWERS — STATUTES.

The guiding principles in determining whether a statute provides sufficient standards for the exercise of discretion of an administrative official are: (1) the provision in question should not be isolated but must be construed with reference to the entire act; (2) the standard should be as reasonably precise as the subject matter requires or permits; and (3) if possible the statute must be construed in such a way as to render it valid, not invalid, as conferring administrative, not legislative power, and as vesting discretionary, not arbitrary, authority.

*Anthony G. Carlesimo,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Frank J. Pipp* and *Richard I. Rubin,* Assistants Attorney General, for defendant Liquor Control Commission.

Before: BRONSON, P.J., and V. J. BRENNAN and J. H. GILLIS, JJ.

PER CURIAM. Plaintiff appeals as of right from an order affirming a decision of the Michigan Liquor Control Commission, which affirmed a commissioner's order revoking plaintiff's liquor license and imposing fines of $600.[1]

Plaintiff was charged in two separate administrative complaints with violating Commission Rule 436.3(c), 1979 AC, R 436.3(c), which provides:

"No licensee, his agent or employee shall suffer or allow in or upon his licensed premises the annoying or molesting of patrons or employees by other patrons or employees, nor any accosting and/or soliciting for immoral purposes."

Hearings were held before a commissioner who found that plaintiff was in violation of Rule 436.3(c). The matter was appealed to the commission's appeal board which adopted the hearing commissioner's findings of fact and conclusions of law. The circuit court affirmed.

Plaintiff first contends that the commissioner's findings of fact are unsupported by the evidence. The scope of this Court's review of findings of fact made by an administrative agency is limited by Const 1963, art 6, § 28 and by § 106 of the Administrative Procedures Act (APA), MCL 24.306; MSA

---

[1] Plaintiff was found to have violated on two occasions 1979 AC, R 436.3(c). Plaintiff's license was revoked and a fine of $300 was imposed for each violation. Plaintiff was also found to have violated 1979 AC, R 436.2 by allowing an intoxicated employee to work on the premises, and was fined $150. This appeal does not involve the latter violation.

3.560(206). The reviewing court may only consider whether the agency's factual findings are supported by competent, material and substantial evidence on the whole record. *Murphy v Oakland County Dep't of Health,* 95 Mich App 337, 339; 290 NW2d 139 (1980). In this context, the term "substantial" means evidence which a reasoning mind would accept as sufficient to support a conclusion. It consists of more than a scintilla of evidence, although the evidence may amount to substantially less than a preponderance. *Tompkins v Dep't of Social Services,* 97 Mich App 218, 222; 293 NW2d 771 (1980).

Upon a careful review of the record, we hold that the hearing commissioner's findings of fact were supported by competent, material and substantial evidence.

Plaintiff also argues that Rule 436.3(c) is unconstitutionally vague. Vagueness challenges to statutes or administrative rules which do not involve First Amendment freedoms must be examined in light of the facts at hand. *People v Lynch,* 410 Mich 343, 352; 301 NW2d 796 (1981). Therefore, in analyzing plaintiff's challenge to Rule 436.3(c), this Court is limited to an examination of the rule as it was applied in the present case.

Plaintiff maintains that the phrase "accosting and/or soliciting for immoral purposes" does not provide persons of ordinary intelligence a reasonable opportunity to know what is prohibited and allows the commission to arbitrarily decide on a subjective basis matters of social policy. The argument is without merit. Prostitution and solicitation for prostitution are illegal. MCL 750.448; MSA 28.703. Any person of ordinary intelligence would reasonably believe that a prohibition against "solicitation for immoral purposes" is in-

tended to prohibit solicitation for prostitution. The hearing commissioner's finding that solicitation for prostitution was prohibited by Rule 436.3(c) was neither arbitrary nor discriminatory and did not result in his resolving, on a subjective basis, social policy matters properly reserved for the Legislature. We conclude that Rule 436.3(c) is not unconstitutionally vague as applied in this case.

Plaintiff also asserts that the commission, in initiating the license revocation proceedings against plaintiff, failed to comply with the procedures provided in Rule 436.3 and in § 92 of the APA, MCL 24.292; MSA 3.560(192).

Plaintiff first contends that, under APA § 92, it was entitled to an informal compliance hearing before formal revocation proceedings were initiated. Initially, we note that the appropriate notices required under both APA §§ 71 and 92 were afforded to plaintiff. We agree with plaintiff that *Rogers v State Board of Cosmetology,* 68 Mich App 751; 244 NW2d 20 (1976), *lv den* 397 Mich 849 (1976), establishes the applicability of APA § 92 to license revocation proceedings before administrative agencies. While it is true that under § 92 plaintiff had the right to show compliance at an informal level, the record in this case lacks any evidence that plaintiff submitted a request for such a hearing or raised the argument at the administrative level. Since the claim was not made until the time of appeal, we consider it waived. See *Casualty Reciprocal Exchange v Vancil,* 100 Mich App 284, 286-287; 299 NW2d 49 (1980), *lv den* 410 Mich 912 (1981).

Plaintiff argues secondly that Rule 436.3 imposes on the commission a duty to warn plaintiff of the basis for a license revocation proceeding prior to initiating the revocation process. Plaintiff relies

on a proviso contained in subsection (d) of Rule 436.3:

"No licensee, his agent, or employee shall permit his licensed premises to be frequented by or to become the meeting place, hangout, or rendezvous for known prostitutes, homosexuals, vagrants, or those who are known to engage in the use, sale or distribution of narcotics or in any other illegal occupation or business: provided, that no licensee shall be disciplined hereunder until he has been warned by the commission or the law enforcing agency having jurisdiction thereof, and has failed for a period of not more than 5 days to comply with the requirements of this rule."

In our opinion the proviso applies only to subsection (d). The nature of the activity prohibited in subsection (d) is significantly different from the nature of that prohibited by subsection (c). Since subsection (d) may be violated by the mere presence of certain persons whether or not illegal activity occurs, the rule requires that a warning be given before disciplinary action is taken under that subsection. The same reasoning does not apply to subsection (c), which prohibits a licensee from knowingly allowing certain overt acts. Moreover, we note that the commission's policy of limiting the proviso to subsection (d), which we find to be reasonable, should be given great deference by this Court. *Udall v Tallman,* 380 US 1, 16; 85 S Ct 792; 13 L Ed 2d 616 (1965).

Plaintiff next argues that the statute authorizing the commission to exercise its discretion in imposing penalties amounts to an unconstitutional delegation of legislative authority. In a related argument, plaintiff maintains that the commission in the present case acted arbitrarily and capriciously in revoking plaintiff's license.

Section 20 of the Liquor Control Act, MCL

436.20; MSA 18.991, authorizes the commission to suspend or revoke a license upon violation of any of the provisions of the act or rules and regulations promulgated thereunder. In addition, the commission may impose a fine of up to $300 for each violation. Plaintiff asserts that this provision is without sufficient standards and safeguards to protect licensees against arbitrary and capricious treatment. We do not agree.

As a general rule, the courts will apply lenient and expansive tests to measure the constitutionality of a legislative delegation of authority to and administrative agency. Where the delegating statute carries with it standards for application which are reasonably precise as the subject matter permits and safeguards against potential abuse of discretion at the hands of administrative officials, the statute will be upheld. In considering the issue, the court must read the challenged statute as a whole. *Dukesherer Farms, Inc v Director, Dep't of Agriculture (After Remand),* 405 Mich 1, 29; 273 NW2d 877 (1979).

A fair reading of the present statute clearly indicates that the commission is not left without appropriate standards. A license may only be revoked where the licensee violates the Liquor Control Act or one of the rules promulgated by the commission pursuant to statutory authority.

Const 1963, art 4, § 40 vests the commission, subject to statutory limitations, with complete control of the alcoholic beverage traffic within the state. The Legislature has declined to impose limits on the commission in revoking licenses. This Court allows a significant degree of discretion to an administrative agency acting within the scope of its authority. *Mallchok v Liquor Control Comm,* 72 Mich App 341; 249 NW2d 415 (1976).

Accordingly, we find that § 20 does not unconstitutionally delegate authority to the commission and that the commission in this case did not arbitrarily or capriciously revoke plaintiff's license.

Plaintiff's final argument concerns certain statements made by the commission's attorney during oral argument before the commission appeal board. However, failure to raise this issue in the circuit court precludes appellate review where, as here, consideration of the claim is not necessary to a proper determination of the case. See *Sowels v Laborers' International Union of North America,* 112 Mich App 616, 623; 317 NW2d 195 (1981). Even were we to review the issue we would find no error. Plaintiff has cited no authority for the proposition that such statements during oral argument before an administrative agency constitute reversible error.

Affirmed.

BRONSON, P.J., concurs in the result only.