COOK v BOARD OF EDUCATION OF THE STURGIS PUBLIC
SCHOOLS

Docket No. 68571. Submitted April 3, 1984, at Lansing.—Decided
June 21, 1984.

Ann Cook, a teacher employed by the Board of Education of the
Sturgis Public Schools, filed a petition with the State Tenure
Commission claiming a violation of the teachers tenure act.
The petitioner claimed that the respondent violated the act
when it dismissed her from her teaching position as if she were
a probationary teacher. The State Tenure Commission. held
that petitioner's discharge as a probationary teacher was
proper. The commission employed the anniversary date method
of determining the probationary period. Both parties appealed
to the Ingham Circuit Court which affirmed the State Tenure
Commission's decision in its entirety, James R. Giddings, J. The
petitioner appealed and the respondent cross-appealed. *Held:*

1. The circuit court correctly determined that there exists
competent, material and substantial evidence to support the
State Tenure Commission's finding that petitioner was not
employed as a teacher for the period of March, 1975, through
the end of the 1974-1975 school year. Her work for the guid-
ance department during this period was consistent with the
duties of a teacher's aide.

2. The Court of Appeals did not address the issue raised in
respondent's cross-appeal since it determined that such a deci-
sion would be obiter dictum.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL — STATE TENURE COMMISSION.

The Court of Appeals reviews decisions of the State Tenure
Commission to determine whether the commission's findings

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Schools § 149 *et seq.*
Construction and effect of tenure provisions of contract or statute
governing employment of faculty member by college or univer-
sity. 66 ALR3d 108.
[2] Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.
[3] Am Jur 2d, Appeal and Error §§ 753, 760.

are supported by competent, material and substantial evidence on the whole record (MCL 24.306[1][d]; MSA 3.560[206][1][d]).

2. WORDS AND PHRASES — TEACHER — CERTIFICATED — TEACHER TENURE ACT — ADMINISTRATIVE CODE.

The teacher tenure act defines the term "teacher" as including all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution; the administrative code defines "certificated" as any teacher holding a Michigan certificate which is valid for the position to which he is assigned (MCL 38.71; MSA 15.1971; 1979 AC, R 390.661).

3. APPEAL — ISSUES — OBITER DICTUM.

The Court of Appeals may decline to address an issue raised on appeal where any decision on such issue would be obiter dictum.

*Foster, Swift, Collins & Coey, P.C.* (by *Karen Bush Schneider*), for petitioner.

*Thrun, Maatsch & Nordberg, P.C.* (by *Joe D. Mosier*), for respondent.

Before: DANHOF, C.J., and R. B. BURNS and GRIBBS, JJ.

PER CURIAM. Petitioner began her employment with respondent school district on March 3, 1975. She worked in the guidance counseling department at the Sturgis Middle School for the remainder of that school year. In the summer of 1975, petitioner accepted a teaching contract with respondent for the 1975-1976 school year. Thereafter, she was employed as a teacher until the end of the 1976-1977 school year. On March 30, 1977, respondent took action to dismiss petitioner. She received a notice of unsatisfactory performance on April 5, 1977. She was dismissed as if she were a probationary teacher, in that she did not receive notice of charges, a hearing, or any of the other rights guaranteed by the teachers tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.*

On April 29, 1977, she filed a petition with the State Tenure Commission claiming a violation of the tenure act. Petitioner claimed that her probationary period began March 3, 1975, and that the school board's failure to provide notice of unsatisfactory performance 60 days prior to March 3, 1977, resulted in her acquiring tenure by operation of law. Thus, she claimed that the school board's action in dismissing her as if she were a probationary teacher violated her rights guaranteed under the tenure act and entitled her to reinstatement with back pay. In a decision and order dated December 21, 1979, the State Tenure Commission ruled that petitioner was employed as a para-professional from March 3, 1975, until the end of the 1974-1975 school year. The commission found that the tutoring that petitioner was doing in the math program during that period merely complemented, supplemented and reinforced the instruction given students in their regular classroom. Since petitioner's probationary period did not begin until the start of the 1975-1976 school year, her discharge as a probationary teacher was proper. The State Tenure Commission employed the anniversary date method of determining the probationary period.

Both parties filed cross-appeals in circuit court. Petitioner appealed from the finding that she was employed as a para-professional, not as a teacher, from March 3, 1975, until the end of that school year, while respondent appealed from that portion of the commission's ruling employing the anniversary date method of computing the statutory probationary period. The circuit court judge affirmed the State Tenure Commission's decision in its entirety. Both petitioner and respondent presently appeal on the same grounds raised in the circuit court.

On appeal from a decision of the State Tenure Commission, this Court looks to whether the commission's findings are supported by competent, material and substantial evidence on the whole record. MCL 24.306(1)(d); MSA 3.560(206)(1)(d); *Comstock Public Schools v Wildfong,* 92 Mich App 279; 284 NW2d 527 (1979). Upon review of the record, we conclude that the circuit court correctly determined that there exists substantial evidence to support the State Tenure Commission's finding that petitioner was not employed as a teacher for the period of March, 1975, through the end of the 1974-1975 school year.

For purposes of the tenure act, MCL 38.71; MSA 15.1971 defines the term "teacher" as including "all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution". 1979 Administrative Code, R 390.661 defines "certificated" as "any teacher holding a Michigan certificate which is valid for the position to which he is assigned". Accord, *Shaw v Macomb Community College,* 37 Mich App 96, 98; 194 NW2d 558 (1971), *aff'd* 389 Mich 69; 204 NW2d 129 (1973). While it is clear that petitioner was certified to teach all subjects in the 7th and 8th grades, she was employed by respondent in the guidance department of the Sturgis Middle School. Petitioner did not hold a counseling endorsement. In her duties in the guidance department, she interviewed students for the school's year-end survey, then later acted as a math tutor for individual students who needed extra assistance in that area. Her math tutoring consisted of providing the students with drill sheets, correcting their work and reviewing errors with them. It is clear that her work complemented and supplemented the instruction given

the students in the regular classroom and was consistent with the duties of a teacher's aide.

We also note that the school district's procedure for hiring teachers was not followed when petitioner was initially hired. Lawrence McConnell, School Superintendent, testified that any teaching position vacancy is posted pursuant to the collective bargaining agreement. Candidates are interviewed by the administrative assistant, who then makes a recommendation to the superintendent. The superintendent must obtain board of education approval for permanent employment. Thereafter a written contract is executed between the school district and the teacher. The employment of aides is discretionary with the school principal and no board of education action is required. When petitioner was hired in March, 1975, the position was not posted, no board of education action was taken and no contract was signed. Petitioner's wages were also less than those of a beginning teacher's salary. When petitioner obtained the position of learning disabilities teacher for the school year 1975-1976, the procedures outlined by Dr. McConnell for the hiring of a teacher were followed.

We conclude that there was competent, material and substantial evidence on the whole record to support the State Tenure Commission's finding. The circuit court correctly affirmed the commission's ruling. Since we affirm the ruling on this issue, we do not address the issue raised by respondent in its cross-appeal. Any decision by us on the issue of whether a first time probationary period was properly calculated by the anniversary date method used by the State Tenure Commission would be obiter dictum.

Affirmed. Costs to respondent.