OATES-ULRICH v OKEMOS PUBLIC SCHOOLS BOARD OF
EDUCATION

Docket No. 91869. Submitted April 21, 1987, at Lansing. Decided June
4, 1987.

Patricia Oates-Ulrich and Susan Meese, employed by the Okemos
Public School District as a social worker and as a psychologist,
respectively, filed a petition with the State Tenure Commission
seeking a declaration of their rights under the teacher tenure
act. The commission determined that petitioners, who had once
held provisional teaching certificates but had not taught in a
classroom, were not "certificated" within the meaning of the
teacher tenure act and had not achieved tenure status. The
Ingham Circuit Court, Robert Holmes Bell, J., affirmed on
appeal and petitioners appealed to the Court of Appeals.

The Court of Appeals *held:*

Petitioners did not acquire tenure under Article III of the
teacher tenure act merely by completing at least two years of
service in their nonteaching positions. Petitioners could have
properly claimed continuing tenure under Article III only if
they had completed the two-year probationary period of class-
room instruction required by Article II of the act.

Affirmed.

1. SCHOOLS — STATE TENURE COMMISSION — APPEAL.

The Court of Appeals reviews decisions of the State Tenure
Commission to determine whether the commission's findings
are supported by competent, material and substantial evidence
on the whole record (MCL 24.306[1][d]; MSA 3.560[206][1][d]).

2. SCHOOLS — TEACHER TENURE ACT.

A social worker or a psychologist employed by a public school
district does not acquire tenure under the teacher tenure act
merely by serving for two years in a nonteaching position while

REFERENCES

Am Jur 2d, Schools §§ 149 *et seq.*

Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.

Services included in computing period of services for purposes of
teachers' seniority, salary, or retirement benefits. 2 ALR2d 1033.

in possession of a teaching certificate (MCL 38.71 *et seq.*; MSA 15.1971 *et seq.*).

*Foster, Swift, Collins & Coey, P.C.* (by *William F. Young*), for petitioners.

*Thrun, Maatsch & Nordberg, P.C.* (by *Kevin S. Harty* and *Kenneth Harned*), for respondents.

Before: R. M. MAHER, P.J., and DOCTOROFF and H. T. CONLIN,* JJ.

PER CURIAM. Petitioners appeal from an order affirming a decision of the State Tenure Commission that determined that they were not "certificated" within the meaning of the teacher tenure act, MCL 38.71 *et seq.*; MSA 15.1971 *et seq.*, and had not achieved tenure status. We affirm.

Petitioner Oates-Ulrich worked for the Okemos Public School District in the capacity of social worker. With the exception of one approved educational leave of absence, she had been so employed since 1975.

Petitioner Meese worked for the school district as a school psychologist since 1979.

In March, 1982, petitioners were informed by the Okemos Board of Education that they were deemed not to have obtained tenure as classroom teachers. As a result, petitioners filed a petition with the State Tenure Commission for a declaration of their rights under the teacher tenure act, claiming to have achieved tenure status by operation of law. Although not required for their positions, both petitioners at that point in time held Michigan provisional teaching certificates, which subsequently expired without renewal.

The only issue now properly before this Court is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whether petitioners had, in fact, obtained tenure. They argue that because they were certificated under Article III by holding Michigan provisional teaching certificates, they were automatically entitled to tenure at the conclusion of two years of satisfactory performance in their assigned positions. We disagree.

In an appeal from a decision of the State Tenure Commission, this Court looks to whether the commission's findings are supported by competent, material and substantial evidence on the whole record. MCL 24.306(1)(d); MSA 3.560(206)(1)(d); *Cook v Sturgis Public Schools,* 144 Mich App 427, 430; 375 NW2d 740 (1984). We conclude that the circuit court correctly determined that there exists substantial evidence to support the State Tenure Commission's finding that petitioners were not certificated and had not achieved tenure status.

Pursuant to the tenure act, the term "teacher" is defined as including "all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution." MCL 38.71; MSA 15.1971. The word certificated as defined in the Administrative Code has two different definitions: one for Article II purposes and another for Article III purposes. 1979 AC, R 390.661(1) defines certificated for purposes of Article II as "any teacher holding a Michigan certificate which is valid for the position to which he is assigned."

Petitioners concede that they are not certificated for Article II purposes; neither was assigned to classroom teaching positions while they possessed teaching certificates.[1]

Petitioners argue instead that they are certifica-

[1] Article II sets forth terms governing the probationary period which all teachers must complete before they are granted tenure. MCL 38.81 through 38.84; MSA 15.1981 through 15.1984.

ted pursuant to Article III. 1979 AC, R 390.661(2) defines certificated for Article II purposes as being in possession of one of certain enumerated types of certificates, one of which is a Michigan provisional certificate that petitioners held. Further, they argue that the positions of social worker and psychologist are impliedly included in the statute's nonexhaustive list of positions, and that they were automatically entitled to tenure at the conclusion of two years of satisfactory performance.

Respondents contend that petitioners are not entitled to tenure because they have not completed a probationary period.

The relevant portion of Article III under which petitioners claim their status, MCL 38.91; MSA 15.1991, provides in part:

> After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act.

Article III then, by its own terms, only provides for "continuing tenure" to occur "after the satisfactory completion of the probationary period," MCL 38.91; MSA 15.1991. We conclude, as the trial judge did in affirming the tenure commission, that tenure cannot therefore be acquired merely by serving for two years in a nonteaching position while in possession of a teaching certificate. Rather, the probationary period as described in Article II must be served before the provisions of Article III may be invoked to provide "continuing tenure." As part of the statutory scheme, a teacher must demonstrate the ability to teach over a two-year period before gaining the full protection

of the tenure act. *Breuhan v Plymouth-Canton Community Schools,* 137 Mich App 813, 816; 359 NW2d 566 (1984), rev'd on other grounds 425 Mich 278; 389 NW2d 85 (1986).

Although petitioners rely on the plurality opinion in *Bode v Roseville School Dist,* 405 Mich 517; 275 NW2d 472 (1979), reh den 406 Mich 1121 (1979), in support of their claim to entitlement of tenure under Article III, that case is distinguishable. The *Bode* Court held that a superintendent could earn tenure as a classroom teacher by serving in his administrative capacity for the probationary period. Petitioner did not have to complete a probationary period as a teacher. The Court also noted, consistent with previous tenure commission holdings, that a superintendent can be a "teacher" under Article I, Section 1. Additionally, the word "superintendent" is specifically enumerated in Article III's nonexhaustive list of administrative positions through which one can obtain "continuing tenure." We find nothing in *Bode* that supports petitioners' entitlement to tenure in the first instance without serving an Article II probationary period. They did not serve the two-year probationary period in positions for which they held valid certificates and were therefore not entitled to tenure. We adopt the rationale articulated by the trial judge, that "to hold otherwise would not only do injustice to the statute's and rule's language, but would offend common sense." Any other interpretation would produce the anomalous result that petitioner's who have never demonstrated classroom competence by completing a probationary period, could be granted tenure protecting their rights to continued employment as classroom teachers.

Accordingly, we conclude that there was competent, material and substantial evidence on the

whole record to support the State Tenure Commission's finding, *Cook, supra.* The circuit court correctly affirmed the commission's ruling.

Since respondents' second issue was not properly raised by cross-appeal, we do not address it. See *Peisner v The Detroit Free Press Inc,* 421 Mich 125, 129; 364 NW2d 600 (1984).

Affirmed.