STATE EX REL. DEBORAH JENKINS COCHRANE v. AXEL F. PETERSON.[1]

October 4, 1940.

No. 32,548.

*Sanborn & Andre* and *Oscar Hallam,* for appellant (relator below).

*John W. McConneloug* and *H. J. Flynn,* for respondent.

[1]Reported in 294 N. W. 203.

HOLT, JUSTICE.

Relator had attained the status of permanent teacher in the public schools of St. Paul, entitled to the benefits of the teachers tenure act, 1 Mason Minn. St. 1927, §§ 2935-1 to 2935-14, when, on September 5, 1939, the superintendent of schools of that city filed a written complaint with respondent, the commissioner of education, charging relator with inefficiency in teaching and in the management of her school classes. The next day respondent notified relator of the charges filed and that a hearing thereon would be had before him in his office on September 21, 1939, at 2:00 p.m. At the appointed time and place relator appeared specially, by her attorney, and filed objections to the jurisdiction of respondent to hear and determine the charges. Notwithstanding such objections, respondent heard the evidence adduced and, on September 28, 1939, filed his decision that relator was guilty of inefficiency in teaching and in the management of her classes. At the hearing relator offered no testimony in her defense and declined to cross-examine the witnesses heard. Thereafter, upon the petition of relator, the district court of Ramsey county issued its writ of *certiorari* to review respondent's decision. The district court made findings of fact and conclusions of law, upon which judgment quashing the writ of *certiorari* and dismissing the proceeding was entered. Relator appeals from the judgment.

The errors assigned here are:

"(a)  The court erred in dismissing the writ of *certiorari,* and in refusing to reinstate relator as a teacher and in refusing to direct the payment of her salary.

"(b)  The decision of the court is not justified by the evidence and is contrary to law."

In the argument relator claims the procedure of respondent fatally defective in that the decision neither discharged nor demoted her, and that respondent's letter of November

27, 1939, to her was ineffective to discharge her since the time within which he could act had expired. We deem the objections raised too technical. In proceeding under said §§ 2935-6 to 2935-10, inclusive, a school board or commissioner is not required to follow the strict practice of the courts in respect to form and language of complaints, findings, or decisions. In the case at bar, the complaint filed with respondent by the superintendent of schools of the city of St. Paul charged relator with "inefficiency in teaching and in management of her classes. Such inefficiency results from her inability to maintain discipline, her refusal to accept correction from her supervisors, and her use of language to children that is unfitting and unladylike in a teacher." Due notice of the filing of these charges was given relator, together with the time and place fixed for hearing of the same. She duly appeared specially at such hearing by her attorney and objected to the jurisdiction of respondent (1) on the ground that the charges filed were too indefinite and uncertain and did not fully apprise her of the complaints or charges against her and were too indefinite and uncertain to enable her to meet the charges satisfactorily, and (2) that § 2935-10 had not been complied with in that the charges were not filed at least four months before the close of the school year. We deem both objections without merit. The charges filed with respondent—the proper authority under the law—were in almost the identical language of § 2935-6 (c), and also pointed out that relator's inefficiency resulted from her inability to maintain discipline, her refusal to accept corrections from her superiors, and use of unfitting language to her pupils. We consider the complaint filed with respondent sufficient to give him jurisdiction to hear and determine the charges therein made against relator.

It is also claimed that the charges made could not be filed at the beginning of the school year. The clear intent of the proviso contained in the last sentence of § 2935-10

is applicable to the instant case and protects relator against the charges here in question during the last four months of the school year. The purpose is obvious. It would be unfair to discharge a teacher for inefficiency during the last part of a school year when little chance remains for obtaining a position as a teacher in any other school for the next school year. In this connection relator also argues that the charges filed could only relate to her conduct during the school year beginning September, 1939, and hence the inefficiency in relator's teaching and in management of her classes during the school year ending June, 1939, and prior years could not be inquired into or be made the basis for discharging her. This contention we think unsound. Where teachers have attained permanent employment under the tenure act, there is no reason why, upon a charge of inefficiency, the past conduct as a teacher should not be open to scrutiny. Efficiency in teaching and discipline is required of teachers in public schools, and lack thereof is recognized by § 2935-6(c) as ground for discharge. That the authorities have been patient with a teacher and have tried him or her in different positions in the hope of finding some place where efficiency was manifested should not defeat the right to discharge such teacher if efficiency nevertheless was not attained. We think the record here fully demonstrates the aid and opportunity extended to relator by her superiors to the end that she might become efficient as a teacher. She had served her probationary period ending with June, 1934. And we see no jurisdictional objection to receiving evidence as to relator's teaching ability since her permanent employment under the charges filed. Hughes v. Dept. of Public Safety, 200 Minn. 16, 273 N. W. 618.

It hardly comes within either one of the two assignments of error, but the claim is made in the argument that respondent did not pronounce the sentence of either demotion or discharge within 25 days after the notice of the charges

filed; hence, it is said, the proceeding failed entirely. The statute reads:

"Such hearing must be concluded and a decision in writing, stating the grounds on which it is based, rendered within 25 days after the giving of such notice. * * * If the charge or charges, or any of such, are found to be true the school board or commissioner conducting the hearing shall discharge, demote or suspend the teacher, as seems to be for the best interest of the school," etc. (§ 2935-10.)

The hearing was had and a decision in writing was filed by respondent well within the 25 days specified, and therein respondent finds relator "guilty of inefficiency in teaching and in the management of her school classes." It is true, it is not stated in the decision that relator be discharged, demoted, or suspended; but the statute does not specify that the decision must contain the sentence, nor within what time relator should be notified thereof. Furthermore, the petition for *certiorari* and the writ itself show that relator was informed by respondent that she was discharged from her teaching position. None of the trial court's findings of fact, six in number, are assailed as not supported by the evidence. These are: That the charges upon which the removal of relator was based were filed during the school year and more than four months before the close thereof; that relator was given more than the required ten days' notice, in writing, of the charges and the time and place of hearing the same; that the charges were sufficient under the tenure act to have been a cause for discharge if substantiated by evidence at the hearing; that evidence was introduced at the hearing before the commissioner substantiating the charges; that within 25 days of the date of the notice a decision in writing stating the grounds upon which it was based was served upon relator; and that the relator was informed by the commissioner of education that she was discharged and this action was confirmed by the com-

missioner's subsequent letter to relator. We find nothing in the procedure before respondent that would vitiate his decision.

The second assignment of error, *viz.:* "The decision of the court is not justified by the evidence and is contrary to law," is clearly not well taken. The positive, uncontradicted testimony of the principals of four different schools to which relator had been assigned was that she was inefficient in teaching and in the management of her classes. To the same effect was the testimony of the superintendent and of the supervisor in charge of the senior and junior high schools of the city. Relator did not see fit to cross-examine these witnesses nor to adduce any testimony as to her efficiency in teaching or discipline.

The judgment is affirmed.

STONE, JUSTICE (concurring).

To me, the charges filed against relator seem open to the objection that they are indefinite. If so, the fault could have been cured by a motion to make more definite and certain, or, after the evidence in support of the charges was in, by a continuance to enable relator to overcome the surprise, if any. Even though the complaint be considered too general and indefinite, it did not deprive the commissioner of his jurisdiction.

Subject to the foregoing, I concur.