17811

S. E. BETTERSON, Marshall Brantley and Joseph Orr, individually, and as Electors, taxpayers and parents of Negro School Pupils of Jasper County High and Elementary Schools, and on behalf of themselves and all others similarly situated, Appellants, v. Paul Allen STEWART, individually and as Supervising Principal teacher of Area No. 1 Jasper County Negro High and Elementary Schools, and L. Martin Sauls, Jr., C. E. Lowther, and R. H. Clemmer, Jr., as members of the Area No. 1, Jasper County Board of School Trustees, and G. R. Alford, as Area No. 1 Jasper County Superintendent of Education, and the Ridgeland Bank, Respondents.

(121 S. E. (2d) 102)

*Elliott D. Turnage, Esq.,* of Darlington, *for Appellants,*

*Messrs. Walker, Brown & McKellar,* of Ridgeland, *for Respondents.*

July 27, 1961.

LEWIS, Justice.

This is an action by appellants as electors, taxpayers and parents of Negro School pupils of the Jasper County High

and Elementary Schools upon a complaint setting forth four causes of action : the first, to require an accounting from the respondent, Paul Allen Stewart, Supervising Principal of said schools, for certain funds raised during the 1955-56, 1956-57, 1957-58 and 1958-59 school terms by the pupils and teachers of the Jasper County Negro High School through extra-curricular fund raising activities and entrusted to Stewart's care and control; the second, for judgment against Stewart for any amount found to have been misappropriated by him; the third, to enjoin the further maintenance of said fund on the ground that such is not authorized by law; and, the fourth, to enjoin the school trustees from continuing to employ Stewart in the school system on the ground of his alleged unfitness. The action is brought against the respondents, Paul Allen Stewart, the Board of Trustees of the schools, the Jasper County Superintendent of Schools, and the Bank of Ridgeland, the latter as the depository for said funds. The lower Court by its order denied the relief sought by appellants and dismissed the complaint, from which this appeal is prosecuted.

The respondent Stewart has been the Supervising Principal of the Jasper County Negro High and Elementary Schools since the 1955-56 school term. He has promoted various fund raising activities on the part of the teachers and pupils in the schools for the purpose of paying the costs of some of the desired additions to the normal school program, not covered in the regular school budget, such as the purchase of athletic equipment, choir robes, aids for classroom activities, etc. As these funds were collected from the various activities, they were turned over to the respondent Stewart and deposited under his supervision in the respondent Bank of Ridgeland in an account designated as the "Jasper High School General Fund", from which only the respondent Stewart was authorized to make withdrawals. Neither the raising nor disbursement of the funds in question was directed or supervised by the Board of Trustees for said schools, but was apparently a voluntary effort on the part

of the teachers and pupils, supported by the patrons of the schools, with the respondent Stewart administering the fund so collected. It appears that no detailed audit or accounting of the said funds was ever required until demand therefor by the appellants some time before the institution of this action. As a result of dissatisfaction over the handling of this account, the present action was instituted.

After the filing of answers by the respondents, considerable testimony was taken and the issues determined by the Circuit Judge. In his order denying the relief sought by appellants, the Circuit Judge held that (1), as to the first and second causes of action, the respondent Stewart had made a satisfactory accounting of the funds entrusted to his care; (2), as to the third cause of action, the maintenance of such a fund derived from the activities of the teachers and pupils was within the powers of the school authorities; and (3), as to the fourth cause of action, the Court was without jurisdiction to review the question of the fitness of the respondent Stewart to continue in his employment until appellants had exhausted the available administrative remedies. The issues in this appeal concern the correctness of the order of the lower Court with respect to the foregoing questions.

The appellants first charge error in the ruling of the Court that a proper accounting had been made by the respondent Stewart. We think the Circuit Judge was in error in so holding.

The duty of Stewart to account for the funds entrusted to his care is not in issue. He admits his duty to account and alleges his willingness to do so. His mere statement that he has properly handled the monies turned over to him is not enough. Having assumed the duty of administering the fund entrusted to him and admitting his duty to account, he has the duty of rendering a full and accurate accounting of his administration thereof, showing a complete statement of his receipts, disbursements, and any balance remaining. 54 Am. Jur., Sections 497-498, pages 396-397.

The record fails to show a complete accounting for the years in question. The accounting sought is for a period of four years beginning with the 1955-56 school term. It appears to be conceded that a statement of the administration of this fund was produced for the school year 1958-59, but not for the prior years. Some reference is made in the record to the production by the respondent of records showing the receipts and disbursements for these prior years for the inspection of Counsel, but they were not introduced in evidence and the record contains nothing from which the sufficiency of the accounting can be determined. We do not mean to intimate that Stewart has not properly handled the fund. We just refuse to deal in conjecture about the matter. The cause must therefore be remanded for the purpose of taking the accounting which Stewart concedes he should make.

It appears that much of the work in receiving and handling the funds in question was entrusted to a former secretary who, it is claimed, misappropriated some of the money. The record fails to show any shortage in the fund but the question is argued as to the liability of Stewart in the accounting for any alleged misappropriations by his secretary. We think a decision of this question is premature and can only be determined when the respondent Stewart renders an accounting of his handling of the fund. It may develop, when Stewart makes a complete accounting, that there is no shortage in the funds or, if a shortage, that it was not through any misappropriation by the secretary. If such develops, no issue would be presented as to his liability for a shortage resulting from acts of his secretary. We cannot undertake to decide such question by anticipation.

It is next contended by the appellants that the maintenance of this fund by the school authorities is not authorized by law and therefore beyond their lawful powers. The exception charging error in this regard proceeds upon the premise that the fund in question is maintained by the respondent Board of Trustees. The record

shows that the fund in question was not raised or maintained by the school authorities but was purely a voluntary endeavor on the part of the patrons, teachers and pupils of the school for the purpose of promoting the welfare of the school and its students. Since the fund in question was not raised or administered, either directly or indirectly, by the Board of Trustees, the question of whether they have such powers is not an issue and need not be considered.

It is last contended by the appellants that the Court below erred in dismissing the cause of action seeking the discharge of Stewart from the position which he holds with the Jasper County Schools. The lower Court held that the fitness of Stewart to hold a position as teacher and principal in the Jasper County Schools was an administrative matter to be determined in the first instance by the Board of Trustees, and that the courts were without jurisdiction until appellants had first exhausted the administrative remedies provided by statute, relying upon the recent case of *Stanley v. Gary*, 237 S. C. 237, 116 S. E. (2d) 843. That case clearly decides this issue and sustains the ruling of the lower Court. The applicable statutes and decisions were recently reviewed in the *Stanley case* and it is unnecessary to restate them here.

We have sustained the dismissal by the lower Court of the cause of action, seeking the discharge of Stewart from his employment in the schools, upon the ground that the courts are without jurisdiction in the matter until the exhaustion of the administrative remedies provided in such cases, although the jurisdictional question was not raised by the parties in the lower Court, or here on appeal. The jurisdictional question here relates to the subject matter of the action, and as stated in the case of *Hunter v. Boyd*, 203 S. C. 518, 28 S. E. (2d) 412, 416, "it is true that this question was not raised in the Court below or in this Court by counsel for any of the parties, but a jurisdictional question of this kind can be and should be taken notice of by the Court *ex mero motu,* since lack of jurisdiction of the

subject matter cannot be waived even by consent. *Williamson v. Richards,* 158 S. C. 534, 155 S. E. 890." See also *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873.

Accordingly, the dismissal by the lower Court of the third and fourth causes of action is sustained, but reversed as to the first and second causes of action and the cause remanded for the purpose of taking the accounting of the respondent Stewart and the determination of such issues as may properly arise in connection therewith.

Affirmed in part, and reversed in part, and remanded.

TAYLOR, C. J., OXNER and MOSS, JJ., and J. B. NESS, Acting Associate Justice, concur.