459 P.2d 834

**Mildred D. ROBERSON, Plaintiff-Appellee,**

**v.**

**BOARD OF EDUCATION OF the CITY OF SANTA FE and the New Mexico State Board of Education, Defendants-Appellants.**

**No. 8753.**

Supreme Court of New Mexico.

Oct. 10, 1969.

James A. Maloney, Atty. Gen., E. P. Ripley, Sp. Asst. Atty. Gen., Santa Fe, for State Board of Education.

Melvin T. Yost, Santa Fe, for Board of Education, City of Santa Fe.

Watson & Watson, Charles S. Solomon, Santa Fe, for appellee.

## OPINION

MOISE, Justice.

For the third time we are called upon to consider issues arising out of the discharge of appellee by appellant, City Board of Education. See State ex rel. Roberson v. Board of Education of City of Santa Fe, 70 N.M. 261, 372 P.2d 832 (1962), and Roberson v. Board of Education of City of Santa Fe, 78 N.M. 297, 430 P.2d 868 (1967), being the two previous opinions.

The litigation had its inception in 1960 when proceedings were commenced to discharge appellee, a tenure teacher with twenty years of service in the Santa Fe city school system. The discharge occurred on May 26, 1960, being the day before the close of the 1959–1960 school year, and before appellee had entered into performance of her contract for the 1960–61 term, said contract having been tendered her on March 11, 1960, and timely accepted by her on May 11, 1960.

The first appeal determined that the appellant, City Board, was entitled to proceed under § 73–12–15, N.M.S.A.1953 (repealed by ch. 16, § 301, N.M.S.L.1967), to consider whether appellee should be discharged. Upon remand, the procedures of § 73–12–15, supra, were followed and appellee was discharged. Upon appeal to the State Board of Education the decision was upheld. Appellee again sought relief in court and upon its being denied without a hearing on the merits, she again appealed. Our second opinion was handed down, reversing and remanding with instructions to determine the issues arising out of the discharge. There followed a hearing by the district court and a holding that the decision by appellant, City Board, affirmed by appellant, State Board of Education, should be reversed because it was not supported by substantial evidence, and was accordingly arbitrary, unreasonable, unlawful, capricious, and null and void. The present appeal resulted.

Appellants, in their first two points, undertake to demonstrate the trial court's error in holding there was no substantial evidence to support the decision to terminate appellee's services. The argument may be divided into three parts, viz., (1) on review of an administrative board's decision, what is the correct weight to be given to determinations made by it; (2) was it proper for the board to consider appellee's conduct during her years of employment prior to her being rehired for the 1960–1961 term; and, (3) was there substantial evidence of conduct by appellee after the contract for the 1960–1961 term was entered into to support appellant's actions in terminating her services?

(1) Weight to be given to determinations of the State Board of Education:

In Swisher v. Darden, 59 N.M. 511, 287 P.2d 73 (1955), we had the following to say concerning the scope of review by the district courts of decisions of the State Board of Education:

"* * * The decision of the State Board of Education is final and conclusive as between the parties and is not subject to review, except to determine whether its decision is based upon substantial evidence or whether it is arbitrary, unlawful, unreasonable or capricious. McCormick v. Board of Education of Hobbs Municipal School District, 58 N.M. 648, 274 P.2d 299; and in a determination of these questions, the court in its review, is limited to the record made before the administrative tribunal."

That review by this court is similarly limited is clearly stated in Lopez v. State Board of Education, 70 N.M. 166, 167, 372 P.2d 121 (1962), from which we quote:

"The sufficiency of the evidence before the state board to establish 'good cause' for removal as that term is used in § 73–12–15, 1953 Comp., as amended, is challenged on appeal. In this regard our review is limited. In the absence of a statutory definition of the term, it was the function of the State Board of Educa-

tion in the exercise of its sound discretion to determine the question of 'good cause.' And, its determination is conclusive unless the evidence discloses that it acted unlawfully, arbitrarily or capriciously. Hence, our review of the record will be limited to a determination whether the action of the state board was unlawful, arbitrary or capricious."

In addition, we would note that no appeal of the decision of the State Board of Education is provided for in § 73–12–15, supra, and accordingly resort to certiorari was the only method available to obtain a review in the district court. We so stated in Roberson v. Board of Education, 78 N.M. 297, 430 P.2d 868 (1967). We do not perceive that the scope of review of the decision of an administrative agency on certiorari is any broader or more comprehensive than that permitted on appeal where, as regards evidence produced at a hearing, courts are limited to determining whether, based on the admissible evidence presented, the administrative agency acted unlawfully, arbitrarily or capriciously, and if the action taken was substantially supported by said evidence. Our review is similarly limited. Swisher v. Darden, supra; Lopez v. State Board of Education, supra; McCormick v. Board of Education of Hobbs Municipal School District No. 16, 58 N.M. 648, 274 P.2d 299 (1954); see also Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763 (1963); Board of Education of Village of Jemez Springs v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968).

(2) Admissibility of evidence concerning acts during employment in prior years:

We examine the record made before the State Board of Education to determine if the decision was supported by substantial evidence. The answer largely turns on the issue of whether evidence of conduct prior to the making of the contract for 1960–1961 could be considered in arriving at the decision. A great deal of testimony was admitted, over appellee's objection, that it was not material or proper.

The trial court found that the State Board of Education decision was based on proof concerning matters that had occurred prior to March, 1960, and known by appellant, City Board of Education; that this evidence was not proper for consideration by the Board; and when the inadmissible evidence was omitted, no substantial support remained for the Board's decision.

There can be no question as to the issue. Unquestionably, it was whether under the tenure statutes and the contract of employment entered into pursuant thereto, appellee could be discharged under § 73–12–15, supra, before entering into performance of her contract, and because of known conduct which dated earlier than the contract. There is nothing in the language of § 73–12–15, supra, which gives any hint as to the answer. That section merely provides that "No teacher having a written contract shall be discharged except upon good cause, * * *."

What may constitute "good cause" is not explained. Appellee was charged with (a) insubordination, (b) conduct unbecoming a teacher, (c) disloyalty, (d) improper teaching practices, and (e) violation of the Code of Professional Ethics of the National Education Association. After a hearing, and without findings, appellant, City Board, merely adopted a motion determining that sufficient evidence was present to support dismissal on the first four charges—the fifth charge was dismissed. Thereafter, following the hearing before appellant, State Board, and without any findings being entered, it was determined "that cause exists for the discharge" of appellee, and "that the decision of the local board be affirmed."

On the question of the City Board's knowledge, the only substantial evidence at the State Board hearing is that the City Board's superintendent and other of its administrative officials, upon whom the City Board relied, had knowledge of the misconduct with which appellee is charged and further that some, if not all, of the members of the City Board had this knowledge prior to entering the new contract sought to be terminated.

On the question of admissibility of proof of improper conduct antedating the contract being terminated, appellants direct our attention to State ex rel. Cochrane v. Peterson, 208 Minn. 361, 294 N.W. 203 (1940), in which a teacher was discharged because of "inefficien[cy] in teaching and in the management of her [school] classes." We quote from that case:

"* * * [R]elator also argues that the charges filed could only relate to her conduct during the school year beginning September, 1939, and hence the inefficiency in relator's teaching and in management of her classes during the school year ending June, 1939, and prior years could not be inquired into or be made the basis for discharging her. This contention we think unsound. Where teachers have attained permanent employment under the tenure act, there is no reason why, upon a charge of inefficiency, the past conduct as a teacher should not be open to scrutiny. Efficiency in teaching and discipline is required of teachers in public schools, and lack thereof is recognized by § 2935–6(c), as ground for discharge. That the authorities have been patient with a teacher and have tried him or her in different positions in the hope of finding some place where efficiency was manifested should not defeat the right to discharge such teacher if efficiency nevertheless was not attained. We think the record here fully demonstrates the aid and opportunity extended to relator by her superiors to the end that she might become efficient as a teacher. She had served her probationary period ending with June, 1934. And we see no jurisdictional objection to receiving evidence as to relator's teaching ability since her permanent employment under the charges filed. Hughes v. Department of Public Safety, 200 Minn. 16, 273 N.W. 618."

The similarity between that case and the instant one, except for the statute referred to and the specific charges, is readily apparent.

Appellants have also directed our attention to Powell v. Young, 148 Ohio St. 342, 74 N.E.2d 261 (1947). As we read that case, it stands for the rule as announced in State ex rel. Cochrane v. Peterson, supra, that where the charge and ground for termination is gross inefficiency, evidence of prior conduct amounting to inefficiency may be proven and considered, but not particular prior acts of misconduct. We quote from that case, at page 267 of 74 N.E.2d:

"It is apparent that case [State ex rel. Weekley v. Young, 141 Ohio St. 260, 47 N.E.2d 776] decided that, although a tenure contract cannot be terminated upon any ground which existed prior to the effective date of such contract or upon a disqualification which has not existed since such date, nevertheless if gross inefficiency exists since the date of the contract it would justify a dismissal. In other words, misconduct on the part of a teacher which existed prior to her contract could not of itself be used to terminate her contract, but if it were proven that she was grossly inefficient and that the inefficiency continued after the date of her contract, it would then be ground for her dismissal even though she had not taught a single day after the contract became effective.

"Although Judge Williams stated that it was not necessary to pass upon the question whether in proof of a charge of existing inefficiency evidence of such inefficiency extending back a reasonable time into the period covered by the previous contract would be admissible as an aid in establishing that ground, the majority of this court now holds that such evidence is admissible and that, since the board of education in the instant cases has found the evidence proves existing inefficiency and two intervening courts have failed to disturb those findings upon the weight of the evidence, such findings are conclusive upon this court."

See also, Redcay v. State Board of Education, 130 N.J.L. 369, 33 A.2d 120 (1943).

Aside from any question as to whether the charges here are more in the nature of misconduct than of inefficiency, and Powell v. Young, supra, accordingly of doubtful support for appellants' position, we note and consider compelling the holding in Ottinger v. School District No. 25, 157 Ark. 82, 247 S.W. 789 (1923), cited by appellee, to the effect that matters which occurred under a previous contract would not support cancellation of a subsequent contract. Farrell v. School District No. 2, 98 Mich. 43, 56 N.W. 1053 (1893), is generally to the same effect. See Annot., 4 A.L.R.3d 1090, 1097.

. An examination of the proof here impresses us that it is in the nature of particular conduct deemed objectionable by the school authorities which resulted in what was, in effect, a withdrawal from, or revocation of the contract for services for the ensuing year. The facts disclosed by the proof cannot be considered to establish gross inefficiency and, indeed, no such charge was made. Since the evidence relied upon as a basis or support for cancellation of a contract for future services related solely to known conduct during prior periods of employment, and notwithstanding it might form a proper basis for denial of renewal of a tenure teacher's employment, it is our conclusion that it could not furnish a basis for cancellation of a contract for the future and accordingly was improperly admitted and considered by appellant, State Board, in arriving at its conclusion. Compare Roberts v. State Board of Embalmers and Funeral Directors, 78 N.M. 536, 434 P. 2d 61 (1967). Absent this inadmissible evidence, the appellant, State Board's, determination lacks substantial support in the record and the trial court was accordingly correct in its findings and conclusion referred to above.

(3) Evidence of facts arising after tender of new contract:

■ In their second point appellants argue that even if evidence of conduct

prior to March 11, 1960 (the date on which the contract for the next year was tendered to the appellee) was improperly admitted, nevertheless, there was ample proof of misconduct by the appellee continuing after that date, thus furnishing basis for the action taken. We cannot agree. It is true that there is some testimony that during the 1959–1960 school term appellee's relations with other teachers deteriorated and that her use of the telephone, both for incoming and outgoing calls, during school hours increased to such a point that about May 1, 1960, her principal had to put a stop to all telephone use by the faculty except on school business. We do not see in these facts anything that could possibly be considered as establishing any of the four charges asserted as grounds for appellant's action in withdrawing the contract. While it is argued that when considered cumulatively the conduct after March 11 would support the conclusions of the appellants, we cannot see how the mere continuation of a course of conduct, not utilized in an effort to deny rehiring of a tenure teacher under § 73–12–13, N.M.S.A.1953, since repealed, could in the short span of less than three months, become so intolerable as to furnish support for termination of a contract under § 73–12–15, supra, as was attempted here. The trial court's finding that appellants based their decision to dismiss appellee "solely on those grounds which were known to the local board prior to the issuance of the contract in March of 1960" is amply supported by substantial evidence, and the conclusion based thereon was proper.

Having concluded that the trial court did not err in its ruling concerning the evidence, it is unnecessary for us to consider appellants' additional point.

The judgment is affirmed. It is so ordered.

TACKETT, J., and JOE W. WOOD, Judge, Court of Appeals, concur.