0960

Andrea ANDREWS, Appellant v. DORCHESTER COUNTY SCHOOL DIS-
TRICT NO. 2, Respondent.

(356 S. E. (2d) 439)

Court of Appeals

*Richard Mark Gergel,* of Columbia, *for appellant.*

*Bruce E. Davis,* of Camden, and *James B. Richardson,* of Columbia, *for respondent.*

Heard April 20, 1987.

Decided May 11, 1987.

GOOLSBY, Judge:

Andrea Andrews appeals from an order of the court of common pleas dismissing her petition by which she sought, pursuant to Section 59-19-560 of the South Carolina Code of Laws (1976), a *de novo* hearing as a "party aggrieved by [an] order of the county board of education." The court dismissed Mrs. Andrews's petition upon the motion of the respondent Board of Trustees of School District No. 2 of Dorchester County. We affirm the dismissal of Mrs. Andrews's petition, but for reasons different from those given by the court.

Mrs. Andrews's petition alleges that she is, within the meaning of Section 59-19-510 of the Code, a "person aggrieved" by a "decision of the board of trustees of [a] school district in [a] matter of local controversy in reference to the construction or administration of the school laws ... within the district." Her petition further alleges that she appealed to the Dorchester County Board of Education on April 22, 1986, for relief pursuant to Section 59-19-510, but that the county board's attorney wrote her counsel a letter on May 9, 1986, in which the attorney stated that "he" took the position that the county board "had no jurisdiction over the matter."

A copy of the letter written by the county board's attorney

to Mrs. Andrews's attorney appears in the record. The letter recites:

> Mrs. Faith Sellers, Chairperson of the Dorchester County Board of Education, has referred the above Petition to me for handling. This is to advise that I take the position that the County Board of Education has no jurisdiction in hearing this case. Therefore, if you wish to pursue this matter in the Circuit Court, please do so. Without an Order from the Court we shall do nothing.

Section 59-19-560 provides in part as follows:

> Any party aggrieved by the *order* of the county board of education shall have the right to appeal to the court of common pleas of the county by serving a written verified petition upon the chairman of the county board of education and upon the adverse party within ten days from the date upon which copy of the *order* of the county board of education was mailed to the petitioner. . . . [Emphasis ours.]

A letter from an attorney representing a county board of education that advises opposing counsel of his position concerning the jurisdiction of the board to determine issues raised by a petition referred to him by the board chairman and that suggests that opposing counsel secure a court order to compel action by the board does not constitute an "order of the county board of education." It was not issued by the "county board of education," the only agency authorized to issue a "written order disposing of the matter in controversy." S. C. Code of Laws § 59-19-550 (1976); *see Puckett v. County Board of School Trustees, White County,* 36 Ill. App. (3d) 535, 344 N. E. (2d) 487 (1976) (a letter written by the director of recognition of the state superintendent's office does not constitute an "order" from the superintendent because, among other things, statutes required action by the superintendent); *Burgess Mining and Construction Corp. v. State ex rel. Baxley,* 55 Ala. App. 61, 312 So. (2d) 842 (1975), *cert. denied,* 294 Ala. 16, 310 So. (2d) 872 (1975) (an oral directive from a field agent of the Water Improvement Commission to a mining company for it to cease pumping and apply for a permit is not an "order" since

a statute places the authority for issuing an order upon the commission, describes the order, and prescribes what it must contain); 73A C. J. S. *Public Administrative Law and Procedure* § 148b at 122 (1983) ("In general, an administrative ... order must be made by an officer or agency authorized to do so."); *cf. Grand River Dam Authority v. State*, 645 P. (2d) 1011 (Okl. 1982) (an opinion of the Attorney General is not an "order" within the meaning of the ·Administrative Procedures Act). An "order of the county board of education," as the term implies, represents action taken by the board and not action taken by one of its members or its attorney. Indeed, an essential element of an "order," whatever its form, is that a duly constituted majority formally deliberate and act upon a particular proposition. *See Writers Guild of America, West, Inc. v. F. C. C.*, 423 F. Supp. 1064, 1079 (C. D. Cal. 1976), *vacated on jurisdictional grounds sub nom. Writers Guild of America, West, Inc. v. American Broadcasting Co., Inc.*, 609 F. (2d) 355 (9th Cir. 1979) ("At the very least, the term 'order' implies a formal agency mandate issued at the culmination of some regular agency proceeding.").

Moreover, the board's failure to act did not constitute an "order." *See City of Beloit v. State Appeal Board*, 103 Wis. (2d) 661, 309 N. W. (2d) 392 (Ct. App. 1981) (a city school district's failure to act within a prescribed period on a petition to detach a parcel from the school district and attach it to an adjoining school district held not to constitute an "order" denying proposed reorganization and did not invoke the waiting period required for the commencement of other reorganization proceedings).

We therefore hold that the court of common pleas lacked jurisdiction in the matter because there was no "order of the county board of education" on which Mrs. Andrews could base an appeal to that court pursuant to Section 59-19-560.

Mrs. Andrews's remedy is to mandamus the county board to act by exercising its judgment or discretion. *See Thomas v. Hollis*, 232 S. C. 330, 337, 102 S. E. (2d) 110, 114 (1958) (" [M]andamus may be used to compel an administrative agency to act by exercising its judgment or discretion."); *Jet Park International v. Thomas*, 288 S. C. 408, 343 S. E. (2d) 33 (Ct. App. 1986) (rather than pay a tax

under protest and seek to recover the tax paid, a taxpayer had the duty to demand and secure a conference by mandamus once assessor failed to schedule a conference with the taxpayer regarding an assessment).

Affirmed.

SANDERS, C. J., and BELL, J., concur.