24308

D. Carroll GARRIS, Appellant v. The GOVERNING BOARD OF the SOUTH CAROLINA REINSURANCE FACILITY and the South Carolina Reinsurance Facility, Respondents.

(461 S.E. (2d) 819)

Supreme Court

*Thornwell F. Sowell, Dwight F. Drake, Jeffrey A. Jacobs, Nelson Mullins Riley & Scarborough,* Columbia, *for appellant.*

*Thomas C. Salane, Turner, Padget, Graham & Laney, P.A.,* Columbia, *for respondents.*

Heard Apr. 19, 1995.

Decided Aug. 28, 1995.

FINNEY, Chief Justice:

In this declaratory action, Appellant Garris seeks to enjoin the respondents from conducting a hearing to determine whether appellant's designated agent status, under S.C. Code Ann. § 38-77-590 (1989), should be revoked.

Garris, a licensed insurance agent, was authorized by the Reinsurance Facility (Facility) to serve as a designated producer. During an audit of appellant's agency, the Facility found violations of performance standards in the Facility's Rules of Operation and the designated agent's contract. The Governing Board issued a Notice of Hearing and Rule to Show Cause seeking to revoke appellant's status as a designated producer.

Appellant filed a motion to dismiss which was denied by the chairman of the Governing Board. Appellant then filed this ac-

tion in circuit court seeking declaratory and injunctive relief on the ground that proceeding with the Rule of Show Cause would violate the Administrative Procedures Act (APA). The Facility filed a motion to dismiss. The circuit court denied appellant's motion for an injunction and granted the Facility's motion to dismiss on the grounds that all issues raised by appellants should first be addressed administratively. Appellant filed a notice of appeal and a Petition for Supersedeas. This Court declined to stay the proceeding before the Board of Governors of the Facility but stayed review of any disciplinary, suspension or revocation action which adversely impacts on appellant's status as designated agent by the Board pending review by the circuit court or this Court.

The central issue here is whether the trial judge abused his authority in denying appellant's request for declaratory judgment and injunctive relief and granting the Facility's motion to dismiss.

The decision to grant a declaratory judgment is a matter which rests in the sound discretion of the trial court and will not be disturbed absent a clear showing of abuse. *Ott v. Tindal*, 297 S.C. 395, 377 S.E. (2d) 303 (1989). Declaratory relief will ordinarily be refused where another remedy will be more effective or appropriate under the circumstances. *Bank of Augusta v. Satcher Motor Co. Inc.*, 249 S.C. 53, 152 S.E. (2d) 676 (1967).

The trial judge stated in his order that the declaratory judgment action was an attempt to obtain interlocutory review of the Governing Board chairman's decision without exhausting the administrative process. We agree. Judicial review is appropriate where there is an appeal from a final agency order. S.C. Code Ann. § 1-23-380(A) (Supp. 1993). There has been no final order in this case nor any showing that a final agency decision will not provide an adequate remedy.

Whether administrative remedies have been exhausted is a matter within the trial judge's sound discretion and his decision will both be disturbed on appeal absent an abuse. *Hyde v. South Carolina Dep't of Mental Health*, 314 S.C. 207, 442 S.C. (2d) 582 (1994). Relief is not generally available to one who has not exhausted administrative remedies. *Meridith v. Elliot*, 247 S.C. 335, 147 S.E. (2d)

244 (1966). The hearing before the Board of Governors will determine the factual issues surrounding the violations found by the Facility.

Appellant argues that he does not have to exhaust his administrative remedies because the respondents may not lawfully hold a formal hearing to adjudicate his status as a designated agent. Appellant contends that respondents have not complied with S.C. Code Ann. § 1-23-370(c) (1986) which provides as follows:

> No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license.

Appellant asserts that he must be given an opportunity to correct the deficiencies before a hearing can be held to revoke his status. We disagree. The statute requires that the licensee be "given an opportunity to *show compliance* with all lawful requirements." § 1-23-370(c). (Emphasis supplied.) Showing compliance means showing that at the time of the alleged violation appellant was in full compliance with the law. *See Hinson v. Georgia State Board of Dental Examiners*, 135 Ga. App. 488, 218 S.E. (2d) 162 (1975). We construe § 1-23-370(c) as providing an opportunity to show that no violations occurred instead of providing an opportunity to correct deficiencies.

Appellant points to construction of the federal APA as persuasive authority to outline the procedure for revoking a license. However, 5 U.S.C.A. § 558(c) provides that prior to instituting agency proceedings to revoke a license, the licensee must be given the "opportunity to demonstrate or achieve compliance with all lawful requirements." The analogous federal statute is broader in scope than § 1-23-370(c). Appellant also looks to other jurisdictions which have construed their versions of the APA as allowing a licensee an informal proceeding before commencement of a formal hearing. *See Blackwell College of Business v. Attorney General*, 454 F. (2d) 928 (D.C. Cir. 1971) (construing the federal APA as giving a li-

censee an opportunity to put its house in lawful order before more formal agency proceedings are undertaken); *Rogers v. Michigan State Board of Cosmetology*, 68 Mich. App. 751, 244 N.W. (2d) 20 (1976) (both parties agreed there is an informal proceeding stage, but decision did not address board's obligation to discontinue proceedings upon licensee's offer to correct violations); *Valley View Convalescent Home v. Department of Social & Health Services*, 24 Wash. App. 192, 599 P. (2d) 1313 (199) (decision allowing time to correct deficiencies was based on reading the APA in conjunction with nursing home licensing statutes). We find these cases are distinguishable and decline to follow them.

For the foregoing reasons we find the trial judge did not abuse his discretion in denying injunctive relief and granting dismissal.

Affirmed.

TOAL, MOORE and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.