675 S.E.2d 760

**Joseph STINNEY and Cynthia Stinney, Individually and as Parents and Natural Guardians of Maurice Stinney, a minor over the age of fourteen years, and Marquise Stinney, Appellants,**

v.

**SUMTER SCHOOL DISTRICT 17, Respondent.**

No. 4504.

Court of Appeals of South Carolina.

Heard Oct. 21, 2008.

Decided Feb. 19, 2009.

Rehearing Denied May 4, 2009.

Dwight C. Moore, of Sumter, for Appellants.

Robert T. King, of Florence, for Respondent.

GEATHERS, J.

This action arises from the expulsion of two high school students following a physical altercation on school grounds. The Board of Trustees for Sumter School District 17 (the Board) upheld the expulsion decision, and the students, Marquise and Maurice Stinney, and their parents (collectively, the Stinneys) filed a civil action for damages against the District.[1] The circuit court granted partial summary judgment to the District, dismissing the Stinneys' cause of action for denial of due process. We reverse.

### FACTS/PROCEDURAL HISTORY

On September 23, 2003, students Dennis Fortune and Desmond Smith approached Marquise and Maurice Stinney, who

---

1. The record contains more than one spelling for "Marquise" (also set forth as "Marquis."), but the father's affidavit and the signature line for Marquise's affidavit employ the former spelling. We therefore defer to the former spelling and order that the case caption be amended accordingly.

were walking through the school parking lot on their way to football practice.[2] A heated exchange of words took place, and a faculty member, Coach Joe Norris, sensed tension between the students. He attempted to intervene and to prevent an altercation, but the students began fighting. Coach Norris wrestled one of the students to the ground to prevent him from entering the fight. Another faculty member, Coach Warren Coker, tried to intervene in the fight. At this time, one of the students inadvertently struck Coach Coker in the face. Other school officials and students then arrived to break up the fight. Marquise, Maurice, Dennis, and Desmond were immediately suspended from school grounds.

The next day, Sumter High School's Assistant Principal, Randy Gold, notified the Stinneys that Marquise and Maurice had been charged with violating District policy due to "Assault (simple) Fighting in back parking lot" and that the students were facing a recommendation of expulsion for the remainder of the school year. The notification letter also advised the Stinneys of an upcoming evidentiary hearing on the expulsion recommendation. The letter advised the Stinneys that they should present all testimony and evidence that they wanted the hearing panel to consider and that they could appear with an attorney if they so desired. Additionally, the letter admonished the Stinneys that no additional evidence would be considered in any appeal of the hearing panel's decision.

After separate evidentiary hearings for Marquise and Maurice, the hearing panel accepted the recommendation to expel both students, and the District so notified the Stinneys.[3] The Stinneys then obtained an attorney and appealed the hearing panel's decision to the District Superintendent, Dr. Zona Jefferson. Dr. Jefferson upheld the expulsion decision, and the Stinneys then appealed to the Board. On November 4, 2003, the District notified the Stinneys that the Board had upheld the decision.

The Stinneys did not appeal the Board's decision to the circuit court. Rather, on September 16, 2005, the Stinneys

---

2. All four students are now past the age of majority.

3. Dennis and Desmond were also expelled for the remainder of the school year.

filed a civil action in circuit court against the District, seeking damages based on the following causes of action: Failure to Follow Disciplinary Procedures, Denial of Due Process, Negligence, and Failure to Supervise. The first cause of action, Failure to Follow Disciplinary Procedures, alleges that the District failed to follow its policies and procedural manual governing the discipline of students. The second claim, Denial of Due Process, alleges that the District's actions and omissions deprived the students of their due process rights under the state and federal constitutions. In particular, this claim states, in pertinent part,

Due to the Defendant's acts of commission and omission, the Plaintiff's [sic] were denied the right to due process under the State and Federal Constitutions including, but not limited to the following particulars:

a.   In denying the student-Plaintiffs equal protection of the law;

b.   In abridging the privileges and immunities of the student-Plaintiffs.

The third claim, Negligence, contends that the District was negligent in failing to prevent harm to the students and in failing to comply with disciplinary guidelines. The fourth claim, Failure to Supervise, contends that the District failed to properly supervise the students in their care. The damages claimed by the Stinneys include expenses to transport Marquise and Maurice to another school and psychotherapy expenses.

The District sought summary judgment on all causes of action, and the circuit court granted summary judgment on the due process claim only. The sole ground for partial summary judgment was the Stinneys' failure to exhaust their administrative remedies. The order specifically stated that the Stinneys "failed to fully exhaust all remedies afforded to them by the [District] in these types of proceedings." This appeal follows.[4]

---

4.   After the Stinneys filed a notice of appeal, the District filed a motion to alter or amend the circuit court's order. The District sought clarification of the order due to a perceived inconsistency with the circuit court's written instructions to opposing counsel for drafting the order. The District sought dismissal of all claims related to the expulsion

## ISSUE ON APPEAL

Did the circuit court err in granting summary judgment on the Stinneys' due process claim?

## STANDARD OF REVIEW

On appeal from the grant of a summary judgment motion, this Court applies the same standard that the trial court applies under Rule 56(c), SCRCP. *Brockbank v. Best Capital Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000). Summary judgment is proper when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Adamson v. Richland County School Dist. One*, 332 S.C. 121, 124, 503 S.E.2d 752, 753 (Ct.App.1998).

## LAW/ANALYSIS

The Stinneys assert the following grounds for their challenge to the circuit court's grant of partial summary judgment: (1) a direct appeal to the circuit court from the Board's expulsion order under S.C.Code Ann. § 59–63–240 is a judicial remedy; therefore, they exhausted their administrative remedies despite their failure to directly appeal under section 59–63–240;[5] (2) S.C.Code Ann. § 1–23–380 allows them to file a civil action for damages in circuit court, in lieu of a direct appeal from the Board's expulsion order; and (3) exhaustion was not required in their case because a direct appeal to circuit court under section 59–63–240 would not have provided adequate redress. We agree.

proceedings, rather than solely the due process claim, on the ground that the Stinneys failed to exhaust their administrative remedies. The circuit court has not yet ruled on the District's Rule 59(e) motion, presumably because the motion involves matters over which the circuit court had already lost jurisdiction when the Stinneys served their notice of appeal. *See* Rule 205, SCACR (stating that upon service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal).

5. Section 59–63–240 provides that the action of the Board may be appealed "to the proper court."

*General Law on Exhaustion of Administrative Remedies*

The doctrine of exhaustion of administrative remedies is generally considered a rule of policy, convenience, and discretion, rather than one of law. *Adamson,* 332 S.C. at 125, 503 S.E.2d at 754. The doctrine is not jurisdictional. *Id.* Whether administrative remedies must be exhausted is a matter within the circuit court's sound discretion, and this decision will not be disturbed on appeal absent an abuse of discretion. *Hyde v. S.C. Dept. of Mental Health,* 314 S.C. 207, 208, 442 S.E.2d 582, 582–83 (1994).

The general rule is that administrative remedies must be exhausted absent circumstances that support an exception to application of the general rule. *Hyde,* 314 S.C. at 208, 442 S.E.2d at 583. When an adequate administrative remedy is available to determine a question of fact, one must seek the administrative remedy or be precluded from pursuing relief in the courts. *Id.*

*Adequacy of Administrative Appeal*

The Stinneys contend that a direct appeal from the Board's decision to the circuit court would not have provided them with an adequate remedy. They argue that, because the school year in question would have ended by the time that the circuit court could hear the appeal, an order allowing the students to be reinstated at school would be meaningless for Marquise, a high school senior, and Maurice, who already had the option of petitioning for reinstatement for the following school year.

We agree that a direct appeal would not have provided the Stinneys with any immediate relief. The students' reinstatement to school pending an appeal of the Board's expulsion order is effectively prohibited by S.C.Code Ann. § 59–63–240 (2004). This statute provides that a student who has been recommended for expulsion may be suspended from school and all school activities during the time of the expulsion procedures. Therefore, theoretically, the Stinneys would still accumulate at least a portion of the damages described in their complaint (i.e., transportation and psychotherapy expenses) regardless of the outcome of any direct appeal to circuit court. Further, the Stinneys would be unable to seek

damages in a direct appeal to circuit court. *See James Academy of Excellence v. Dorchester County School Dist. Two,* 376 S.C. 293, 300, 657 S.E.2d 469, 472–73 (2008) (holding that the circuit court, while sitting as an appellate court in an administrative case, exceeded its authority in holding an evi- dentiary hearing on the issue of damages). Under these circumstances, a direct appeal would likely have been futile. One does not have to exhaust administrative remedies when it would be futile to do so. *Ward v. State,* 343 S.C. 14, 19, 538 S.E.2d 245, 247 (2000); *see also Video Gaming Consultants, Inc. v. South Carolina Dept. of Revenue,* 342 S.C. 34, 39, 535 S.E.2d 642, 645 (2000).

*Judicial review under section 1–23–380*

█ Further, there is merit to the Stinneys' argument that S.C.Code Ann. § 1–23–380 allows them to file a civil action for damages in circuit court, in lieu of a direct appeal from the Board's expulsion order. The statute "does not limit utiliza- tion of or the scope of judicial review **available under other means of review, redress, relief,** or trial de novo provided by law." S.C.Code Ann. § 1–23–380(A) (Supp.2007) (emphasis added).

In any event, judicial review under section 1–23–380 is a judicial, rather than administrative, remedy. *See* § 1–23– 380(A) ("A party who has exhausted all administrative reme- dies available **within the agency** and who is aggrieved by a final decision in a contested case is entitled to judicial re- view...") (emphasis added); S.C.Code Ann. § 1–23–310(2) (2005), as amended by Act. No. 334, § 3, 2008 S.C. Acts 3301, 3303 (defining "agency" as "each state board, commission, department, or officer, **other than the legislature, the courts, or the Administrative Law Court,** authorized by law to determine contested cases") (emphasis added); *see also* Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 48 (2d ed.2002). Therefore, the Stinneys exhausted all levels of administrative review.

## CONCLUSION

The Stinneys have established that they have exhausted all of their administrative remedies. Therefore, the circuit

court's rationale for granting summary judgment on the Stinneys' due process claim was erroneous.[6]

Accordingly, the circuit court's order is

**REVERSED.**

HEARN, C.J., and HUFF, J., concur.

---

**6.** In view of our disposition of the above issues, we need not address the Stinneys' remaining arguments. *See Whiteside v. Cherokee County School Dist. No. One*, 311 S.C. 335, 340–41, 428 S.E.2d 886, 889 (1993) (holding that an appellate court need not address remaining issues when the resolution of a prior issue is dispositive).